Green v. Sanford.

## D. E. Green & Co. v. Whitfield Sanford.

[Filed March 30, 1892.]

1. **Mechanics' Liens**: Parties. To a suit to enforce a mechanic's lien, all persons interested in the premises, either as owner or incumbrancer, should be made parties, and the owner of the legal title is a necessary party to such a suit.

2. ——: ——: Limitations. Action was brought against the party who contracted materials for the erection of a dwelling to foreclose a mechanic's lien within two years after the filing of the lien, but the owner of the legal title was not made a party until after the expiration of the statutory period. *Held*, That as to him the suit was commenced only from the time he was made a party, and that the action was barred as to such new party.

3. **Case Overruled.** The second point in the syllabus in *Manly v. Downing*, 15 Neb., 637, overruled.

Error to the district court for Saunders county. Tried below before Post, J.

*Clark & Allen,* for plaintiffs in error, cited: Maxwell, Pl. & Pr., 139, 700, 702; Jones, Mortgages, sec. 1473; *Bowen v. Wood,* 35 Ind., 268; *Aldrich v. Lapham,* 6 How. Pr. [N. Y.], 129; *Drury v. Clark,* 16 Id., 424; *Rosenfield v. Chada,* 12 Neb., 25; *Stockwell v. Carpenter,* 27 Ia., 119; *Belmont v. Smith,* 1 Duer [N. Y.], 675; *Monroe v. West,* 12 Ia., 119; *Merrett v. Pearson,* 76 Ind., 44; *Carson's Lessee v. Boudinot,* 2 Wash. [U. S.], 33; *Irish v. Lundin,* 28 Neb., 84; *Null v. Jones,* 5 Id., 500; *Mills v. Rice,* 3 Id., 76; *Huston v. Craighead,* 23 O. St., 198; *Vose v. Woodford,* 29 Id., 246; *Campbell v. Boggs,* 48 Pa. St., 524; *Bowman v. Sanborn,* 18 N. H., 205; *Plumer v. Clark,* 59 Wis., 646; *Sturges v. Burton,* 8 O. St., 215; *McKinney v. McKinney,* Id., 423; *Sheets v. Baldwin,* 12 O., 121; *Riley v. Corwin,* 17 Hun [N. Y.], 597.

*M. B. Reese, contra,* cited cases referred to in opinion.

NORVAL, J.

The action is to foreclose a mechanic's lien. It was originally brought by the plaintiffs in error against Jacob Dishong. Subsequently Nancy Dishong was also made a party defendant, and a decree was entered against both defendants. On the 16th day of September, 1889, on motion of both parties, the decree was vacated and set aside. On September 28, 1889, Whitfield Sanford intervened and filed an answer and cross-petition praying for affirmative relief. On the 21st day of December, 1889, the plaintiffs filed an amended petition. To this Whitfield Sanford interposed a general demurrer, which was sustained by the court, and the action dismissed as to Sanford. The plaintiffs bring error.

The main question presented by the record is whether the two years' limitation prescribed by statute for the bringing of an action to enforce a mechanic's lien had run against Sanford.

It appears from the allegations of the petition, which the demurrer admits to be true, that certain materials were furnished by the plaintiffs under a verbal contract with Jacob Dishong, for the erection of a dwelling on lands owned by Sanford. At the time the materials were furnished Nancy Dishong was in possession of the premises under a contract of purchase with the owner of the fee, and permitted her husband, Jacob Dishong, to represent himself to the plaintiffs as the owner of the land. Nancy Dishong was present when the materials were purchased and knew the purpose for which they were obtained, but made no objection thereto. Plaintiffs were not aware of her interest in the property until long after the commencement of the suit, when application was made to join her as a party defendant. The claim for lien was made out

and filed against Jacob Dishong on July 17, 1886, and suit was commenced against him within two years after the filing of the lien, but whether Nancy Dishong was made a party before or after the expiration of said two years the transcript does not show, although it is admitted in brief of plaintiffs in error that the action was not commenced against her until after the expiration of that period. It also appears that Sanford was not made a party defendant until more than three years after the lien was filed. The legal title to the land being in Sanford, he was not only a proper but a necessary party to the proceeding to enforce the lien. The rule as to parties defendant in a mechanic's lien foreclosure is the same as in a suit for the foreclosure of a mortgage.

Is the suit barred as to Sanford? The plaintiffs in error contend that the statute was complied with by the commencement of the proceeding to foreclose the lien against Jacob Dishong within the statutory two years, and that it was proper to bring in new parties after the expiration of that time. The case of *Manly v. Downing,* 15 Neb., 637, cited by the plaintiffs in error, sustains this construction. We quote all that is said in the opinion on that question: "The action having been commenced against the said Haley within the two years provided by law, the proceedings could be amended and other parties brought in, notwithstanding more than two years had elapsed before the proceedings to that end were commenced. There are probably cases holding to the contrary of this, but we are cited to no authorities on this point and the time at my disposal does not permit of my hunting them up." We are now asked to reconsider the question, and, not without some hesitation, we have concluded so to do.

By the second section of the mechanic's lien law a laborer or material-man, who has made out and verified his account and filed the same in the manner and within the time prescribed by the law, is given a lien on the building

and the lot on which it stands for two years after the filing of such lien in the office of the register of deeds of the proper county.

Section 4 of the same law provides that "Every person holding any lien under this chapter may proceed to obtain a judgment for the amount of his account thereon by civil action. And when any suit or suits shall be commenced on such accounts within the time of such lien, the lien shall continue until such suit shall be finally determined and satisfied."

It is manifest that the only way a mechanic's lien can be continued in force beyond the two years is by instituting a suit within that time to enforce the lien, and the plain meaning of the statute is that it is only preserved as to the persons who are made parties to the suit prior to the limitation of the time for the bringing of such an action. A person who is not party to a suit ordinarily is not bound by the adjudication, nor is a suit deemed commenced against one until he is made a party to it, and when, in an action to enforce a mechanic's lien, the plaintiff by amendment of his petition, as in the case at bar, brings in a new party after the limitation of two years has run, as to such new party the suit is barred. Suppose an action to foreclose a real estate mortgage is brought against the mortgagor within the limitation imposed by statutes, without making the present owner of the premises a party, but after the expiration of the statutory period such owner is brought into the case, could it be successfully contended that the suit is not barred as to the new party? Certainly not. So where a suit is commenced against one of two makers of a promissory note before the bar of the statute has run, but after that period the other maker is made a party, as to him the suit is deemed commenced only from the time he is brought in, and not from the date of the commencement of the suit against the original defendant. The rule governing the time an action is to be considered

commenced as to persons made defendants after suit is instituted to enforce a mechanic's lien is not different from that which obtains in mortgage foreclosures and other cases. So far as we are able to discover, all the authorities, with the single exception of *Manly v. Downing, supra,* affirm the doctrine that where, after a suit has been commenced, a new defendant has been brought in after the expiration of the period limited by statute for bringing the action, as to such defendant the suit is barred. (Phillips on Mechanic's Lien, sec. 431; Angell on Limitations, sec. 330; Story, Eq. Pl., sec. 904; *Miller v. McIntyre,* 6 Pet. [U. S.], 61; *Brown v. Goolsby,* 34 Miss., 437; *Gormar v. Judge, etc.,* 27 Mich., 140; *Dunphy v. Riddle,* 86 Ill., 22; *Crowl v. Nagle et al.,* Id., 437; *McGraw v. Bayard,* 96 Id., 146; *East Line & Red River R. Co. v. Culberson,* 10 S. W. Rep. [Tex.], 706; *Telfener v. Dillard,* 7 Id., 847; *Jones v. Johnson,* 6 S. E. Rep. [Ga.], 181; *Bell's Appeal,* 8 Atl. Rep. [Pa.], 177.)

We are satisfied, upon both reason and authority, that the rule is not correctly stated in *Manly v. Downing,* and the decision should not be followed as a precedent. For the reasons given the amended petition did not state a cause of action against Sanford, and the demurrer thereto was, therefore, properly sustained. The judgment is

AFFIRMED.

MAXWELL, J., concurs.

POST, J., having presided in the court below, did not take any part in the decision.