## CHARLES A. SMITH *et al. vs.* WALTER F. HURD *et al.*

Argued July 13, 1892.   Decided July 15, 1892.

**Service by Publication—1878 G. S. ch. 81, § 28, Unconstitutional.**
1878 G. S. ch. 81, § 28, providing for service by publication against certain defendants in actions to foreclose mortgages upon real estate, is void both as to resident and nonresident defendants.

**Mechanic's Lien Action—Service on Owner not Service as to Lienholders.**
There is no unity of interest between the legal owner and a lienholder, whether by mortgage, mechanic's lien, or otherwise, such as makes either the representative of the other in an action, so as to make service of the summons on one one equivalent to service on the other.

Same—Time of Service under 1878 G. S. ch. 90.

> In an action to enforce a mechanic's lien under 1878 G. S. ch. 90, service of the summons on the owner within the two years does not preserve the lien as against other holders of liens named as defendants in the action, but not served with the summons till after the two years.

Appeal by plaintiffs, Charles A. Smith and John S. Pillsbury, partners as C. A. Smith & Co., from an order of the District Court of Hennepin County, *Pond*, J., made March 25, 1892, denying their motion for a new trial.

On March 30, 1889, the defendant Kate F. Knight was the owner of lots eleven (11) and twelve (12) in block two, (2,) Biddleman's Addition to Minneapolis, and the defendant Walter F. Hurd was erecting two dwelling houses on these lots under a contract therefor with defendant Knight. The plaintiffs furnished Hurd, at his request, materials for the erection of the buildings. The first item was furnished March 30, 1889, and the last July 17, 1889. On June 3, 1889, Knight gave a mortgage on lot eleven (11) to Edwin H. Lovell, and on lot twelve (12) to Ansel R. Doten. These mortgages were foreclosed, the mortgagee becoming the purchaser, and the time for redemption expired as to each lot June 2, 1890. The mortgagees were both nonresidents of Minnesota. The plaintiffs filed a lien statement, January 17, 1890, and on June 17, 1890, filed their complaint and a notice of *lis pendens* in this action, brought to foreclose their lien. Personal service of the summons was made on defendants Knight and Hurd, July 28, 1890. Lovell and Doten, though made parties to the action, were not served, except that, without any affidavit of nonresidence, or return of summons that defendants could not be found, plaintiffs caused the summons to be published for six successive weeks, the first publication being July 19, 1890, and the last August 25, 1890. This service was attempted to be made under 1878 G. S. ch. 81, § 28. The defendants Doten and Lovell filed their separate answers to the complaint September 5, 1891, more than two years after the last item of plaintiffs' lien claim was furnished, claiming that the action had not been commenced as to either of them within the time allowed by 1878 G. S. ch. 90, § 7.

The action was tried October 14, 1891. The Court found that the

attempted service upon Doten and Lovell was of no effect; that the action had not been commenced as to them within the time required by law and that, as they were the owners of the lot, the plaintiffs were not entitled to any lien thereon. A motion for a new trial was made and denied, and the plaintiffs appealed to this Court.

*Ueland & Holt,* for appellants.

This court in *Bardwell* v. *Collins,* 44 Minn. 97, held 1878 G. S. ch. 81, § 28, unconstitutional, but only so far, we think, as it applied to service on resident defendants. An act may be unconstitutional as applied to certain cases and valid as to others. *Commonwealth* v. *Kimball,* 24 Pick. 359; *Heyward* v. *Judd,* 4 Minn. 483, (Gil. 375;) *Goenen* v. *Schroeder,* 8 Minn. 387, (Gil. 344;) Cooley, Const. Lim. § 180.

Subsequent incumbrancers are proper but not necessary parties in a lien action. The action was commenced against the necessary parties in time, and that is all that is required under 1878 G. S. ch. 90, § 7, to preserve and continue the lien indefinitely. Priorities as to other lien claimants can be litigated at any time. *Burbank* v. *Wright,* 44 Minn. 544; *Foster* v. *Johnson,* 44 Minn. 290. The provision that a lien shall expire after two years from the time the last item was furnished is nothing more than a statute of limitation. *North Star Iron Works* v. *Strong,* 33 Minn. 1. Hence it follows, since the respondents were nonresidents, an action could be brought against them at any time within two years after they became residents. 1878 G. S. ch. 66, § 15.

*Chas. J. Bartleson,* for respondents.

1878 G. S. ch. 81, § 28, makes no distinction between resident and nonresident defendants, and is not one of the class of laws that can be held unconstitutional in part and valid in part. It is void in toto. *Bardwell* v. *Collins,* 44 Minn. 97.

The rights of persons who are not made parties to an action to foreclose a mechanic's lien cannot be affected by the action. Phillips, Mechanics' Liens, § 399; *Talbot* v. *Barager,* 37 Minn. 208; *Corser* v. *Kindred,* 40 Minn. 467. The provisions of 1878 G. S. ch. 90,

§ 6, bear little analogy to a statute of limitations. They limit the existence of the right of lien and do not apply to the remedy, as do ordinary statutes of limitation. *Burbank* v. *Wright*, 44 Minn. 544.

GILFILLAN, C. J. Action to foreclose a mechanic's lien. According to the findings of fact and the settled case, defendant Knight was, March 30, 1889, the owner of the premises consisting of two lots, (eleven and twelve.) Defendant Hurd was the contractor to construct the buildings, and plaintiffs sold to him the materials, the last item of which was furnished July 17, 1889. June 3, 1889, Knight executed a mortgage on one of the lots to defendant Doten, and on the other to defendant Lovell. January 17, 1890, plaintiffs filed the lien statement. June 2, 1890, each of the mortgages was foreclosed, the mortgagee in each instance being the purchaser, and there was no redemption. June 17, 1890, the complaint in the action and a notice of *lis pendens* were filed, and July 28, 1890, the summons was served on defendants Knight and Hurd. No attempt was made to serve on the defendants Doten and Lovell, except that, without any affidavit of nonresidence or return on the summons by the sheriff that said defendants were not found, the plaintiffs, under the supposition that the case came within 1878 G. S. ch. 81, § 28, caused the summons to be published for six successive weeks; the first publication being July 19, 1890, and the last August 25, 1890. Those defendants were nonresidents, and have not been within this state since the filing of the complaint, and no attempt to serve on them under 1878 G. S. ch. 66, was made till July 30, 1891.

But there was an attempt at service by publication under 1878 G. S. ch. 81, § 28.

We think that section was wholly void under the decision in *Bardwell* v. *Collins*, 44 Minn. 97, (46 N. W. Rep. 315.) It is true that decision was on the ground that it is incompetent for the legislature to provide that mode of service on resident defendants, and the defendant in that case was a resident. But the section makes no distinction between residents and nonresidents. In terms, it applies equally to both. There is no reason to suppose the legislature would have enacted the section for the cases of nonresidents alone. On the

contrary, there is every reason to suppose it would not have done so had it known the section could not take effect as to residents, for there was already ample provision in chapter 66 for substituted service in such cases on nonresidents, and no need of further provision, so far as they were concerned.

There is no unity of interest between the legal owner of real estate and one claiming a lien on it through him, either by mortgage, mechanic's lien, or otherwise, such as makes either the representative of the other in an action, so that service on one is equivalent to service on the other.

As to each defendant in an action, the action is commenced and is pending only from the time of service of the summons on him, or of his appearance without service; and, where each may object that the action was not commenced within the time limited by statute, its commencement as to his objection is to be determined by the time of service on him, and not by the time of service on some other defendant. This is a rule applicable to every action, and applies as well to actions to enforce mechanics' liens as to any others. And any one who may defend against such a lien, who may show that for any reason it is not a lien as against his interest, may object that the lien had expired, or the remedy upon it been lost by lapse of time, before the action was commenced against him. This also is a rule applicable to every action. It amounts to just this: that when an action is commenced as to any defendant there must be an existing cause of action against him, and the right to a remedy upon it.

1878 G. S. ch. 90, § 7, was not an ordinary statute of limitations limiting the time for commencing an action, but it put a limit to the life and duration of the lien, and it contains no exception to its operation, either because of nonresidence or for any other reason.

Order affirmed.

(Opinion published 52 N. W. Rep. 922.)