GAYTON BALLARD, APPELLANT, V. ROY THOMPSON ET AL., APPELLEES.

FILED MAY 15, 1894.   No. 5143.

1. **Mechanics' Liens**: LIMITATION OF LIEN.   A mechanic's lien will not be continued in force beyond the statutory period of two years except as to such persons, including mortgagees, as are made parties to an action to foreclose within such period.

2. ———: SUMMONS.   In all cases the summons must be issued before the bar of the statute is complete, although sufficient if served thereafter.

APPEAL from the district court of Lincoln county. Heard below before CHURCH, J.

*D. H. Ettien,* for appellant.

*Grimes & Wilcox, contra.*

POST, J.

On the 27th day of December, 1887, the defendants Thompson and wife executed to James L. Lombard two mortgages upon the northwest quarter of section 22, town-

ship 14, range 33 west, in Lincoln county. One of said mortgages was for $1,000, to secure a note of that amount maturing January 1, 1893, with interest from date at seven per cent, payable semi-annually. The other was for $150, to secure a note of that amount maturing January 1, 1890, with interest at ten per cent after maturity, and both conditioned that in case of failure to pay the interest or any instalment thereof at maturity, the principal debt should immediately become due and payable. On the 10th day of January, 1888, the mortgage first described was sold and assigned to the plaintiff, and on the same day the second mortgage, to-wit, for $150, was assigned to the Anglo-American Land Mortgage & Agency Company (Limited), but such assignments were never filed for record in Lincoln county. On the 20th day of December, 1890, the plaintiff herein commenced this proceeding to foreclose the mortgage assigned to him, alleging default of payment of interest due. He made Thompson and wife and the Anglo-American Land Mortgage & Agency Company, defendants. He also joined as a party defendant W. W. Birge, who claims a mechanic's lien upon the premises paramount to both mortgages, and which presents the only controversy in the case. The additional facts essential to an understanding of the contentions of the several parties are fully disclosed by the following stipulation:

"It is hereby stipulated and agreed by and between the plaintiff and the defendant W. W. Birge that the case shall be submitted to the court, as to the plaintiff and said Birge, upon the following facts, to-wit:

"On the 1st day of July, 1887, the defendant W. W. Birge made and entered into an oral contract with the defendant Roy Thompson to furnish him material for the erection of a dwelling house and barn on the northwest quarter of section 22, township 14, range 33 west of the sixth principal meridian.

"In pursuance to said contract said W. W. Birge

furnished said material for the erection of said dwelling house and barn on and between the 1st day of July, 1887, and the 22d day of September, 1887; that the defendant Roy Thompson, at the time plaintiff furnished said material, was the owner in fee of said land; that on the 21st day of January, 1888, the defendant W. W. Birge made an account in writing of the items of such materials furnished the defendant Roy Thompson under said contract, and after making oath thereto, as required by law, filed the same in the clerk's office of Lincoln county and claiming a mechanic's lien therefor upon said lands and buildings thereon; that on the 20th day of January, 1890, the defendant W. W. Birge filed his petition in the district court of Lincoln county, Nebraska, to foreclose said mechanic's lien against the defendant Roy Thompson and one James L. Lombard, and summons was issued by the clerk of said court for said Roy Thompson and James L. Lombard, bearing date of January 20, 1890; that the defendant Roy Thompson was served personally with said summons on the 21st day of January, 1890, and that said summons was returned not served as to the said James L. Lombard and no alias summons was issued; that on March 31, 1890, and more than two years after the filing of said mechanic's lien, James L. Lombard, by his attorney, appeared in said case and answered disclaiming any interest in the said premises, and stating that the mortgage on said premises above described made to him and the notes secured thereby had been duly assigned, one for $1,000 to Gayton Ballard, the plaintiff in this case, on the 10th day of January, 1888, and one for $150.40 to the Anglo-American Land Mortgage & Agency Company (Limited), one of the defendants in this case, on the 10th day of January, 1888, and that said notes and mortgages are the same described in plaintiff's petition and in the answer and cross-petition of the defendant the Anglo-American Land Mortgage & Agency Company (Limited) in this case; that said assign-

ments of these mortgages to Gayton Ballard and the Anglo-American Land Mortgage & Agency Company (Limited) from James L. Lombard were not recorded in Lincoln county, Nebraska; that said Gayton Ballard and the Anglo-American Land Mortgage & Agency Company (Limited) were not made parties to the suit to foreclose the said mechanic's lien, nor were they, or either of them, in any manner served with summons, nor did they, or either of them, appear in said case.

"It is agreed further that the plaintiff's petition and the answer and cross-petition of the defendant the Anglo-American Land Mortgage & Agency Company (Limited) state the facts as to dates, amounts, and conditions of the bonds and mortgages sought to be foreclosed in this action, and their assignment to the plaintiff and the defendant and cross-petitioner, the Anglo-American Land Mortgage & Agency Company (Limited), and of the dates, books, and pages of the record of said mortgages and the land covered by them.                    GRIMES & WILCOX,

"Attorneys for Defendant Birge.

"D. H. ETTIEN,

"Attorney for Plaintiff and the Defendant Anglo-American Land Mortgage & Agency Company (Limited)."

On the 11th day of August, 1891, a final decree was entered by the district court sustaining the contention of Birge and adjudging his claim, to wit, for $654.95, to be a first lien upon the mortgaged premises, and from which the plaintiff and the Anglo-American Land Mortgage & Agency Company have appealed to this court.

The contention of appellants is that the commencement of the action by Birge against Thompson and wife in January, 1890, and the decree subsequently rendered therein did not continue in force the mechanic's lien as against the mortgages. The preserving and enforcement of mechanics, liens in this state is regulated by sections 3 and 4 of chapter 54, Compiled Statutes, 1885, as follows:

"Sec. 3. Any person entitled to a lien under this chapter shall make an account in writing of the items of labor, * * * and after making oath thereto shall, within four months of the time of performing such labor and skill, * * * file the same in the county clerk's office of the county of which such labor * * * shall have been furnished, which account so made and filed shall be recorded in a separate book to be provided by the clerk for that purpose, and shall, from the commencement of such labor or the furnishing such materials for two (2) years after the filing of such lien, operate as a lien on the several descriptions of such structures and buildings and the lots on which they stand. * * *

"Sec. 4. Every person holding any lien under this chapter may proceed to obtain a judgment for the amount of his account thereon by civil action. And when any suit or suits shall be commenced on such accounts within the time of such lien, the lien shall continue until such suit be finally determined and satisfied."

These provisions were before the court in *Green v. Sanford*, 34 Neb., 363, and the construction there given them fully sustains the position of appellants, overruling *Manly v. Downing*, 15 Neb., 637. It is therein declared to be the plain meaning of the statute that the lien is preserved as against those persons only who are made parties to the suit prior to the expiration of the statutory period for enforcing it by action. In that case Dishong, to whom building material was furnished, had but an equitable title, the legal title being in Sanford, the party subsequently brought in; but we are unable to perceive any ground for a distinction on principle between that case and this. The rights of a mortgagee are regarded with no less favor than those of the purchaser of the fee. He is even held to be a purchaser within the meaning of the registration laws of most of the states. (Jones, Mortgages, 458.) There are no considerations of equity in favor of the continuance of the lien as

against mortgagees that do not apply with equal force to purchasers; but whatever reasons may be urged for a different conclusion, the question must be regarded as settled by *Green v. Sanford.*

2. Did the subsequent voluntary appearance of James L. Lombard relate back to the commencement of the action so that it will be said to have been commenced as to him at the time of the filing of the petition in January, 1890? Clearly not. It is provided by section 19 of the Civil Code that "an action shall be deemed commenced, * * * as to the defendant, at the date of the summons which is served on him;" and in all cases the summons served must be issued before the bar of the statute is complete. (*Rogers v. Redick*, 10 Neb., 332; *Baker v. Sloss*, 13 Neb., 230.) This conclusion renders unnecessary an examination of the question to what extent, if at all, the rights of the appellee were affected by the neglect to file for record the assignments of the mortgages. For reasons stated the decree of the district court is reversed and the cause remanded with directions that the decree be so amended as to allow the appellee's lien subject to the mortgages of appellants.

REVERSED AND REMANDED.