The Deming-Colborn Lumber Company et al. *v.* The Union National Savings and Loan Association.

[No. 17,959. Filed November 22, 1898.]

Mechanic's Lien.—*Foreclosure.—Junior Mortgage.—Failure to Make Junior Mortgagee a Party.*—The foreclosure of a mechanic's lien, without making a junior mortgagee a party, does not affect the rights of such mortgagee, and where the year given by statute for the foreclosure of such mechanic's lien has expired without a foreclosure thereof against the mortgagee, the lien and the judgment based thereon are, as to such mortgage, absolutely void.

From the Lake Circuit Court. *Affirmed.*

*Ibach & Ibach,* for appellants.

*Olds & Griffin,* for appellee.

HOWARD, J.—The appellee brought this action against the appellants for the foreclosure of a mortgage dated March 31, 1893, and made a lien upon certain real estate in the city of Hammond, described in the complaint. Among the allegations of the complaint are the following: "The said plaintiff further avers that the defendant the Deming-Colborn Lumber Company 'claims to have furnished lumber and materials for the erection of a dwelling house or other building upon said premises in the year 1893, and to have filed a notice of its intention to hold a mechanic's lien upon said real estate, in the recorder's office of Lake county, Indiana, on the 22nd day of June, 1893, and claims to have foreclosed its mechanic's lien by suit in the Lake Circuit Court, and obtained a decree for the sale of said real estate, and by virtue thereof said real estate was duly advertised and sold under such decree, and said Deming-Colborn Lumber Company purchased the same at such sale; but the plaintiff avers that said lien was not filed according to law, and the same does not describe the above described property, or any other property, and as to it the said pretended mechanic's lien is of no force or validity whatever; that it was filed and recorded more than one year previous to this date, and that the plaintiff was not a party to said foreclosure proceeding in favor of the said the Deming-Colborn Lumber Company, and no attempt has been made to enforce said pretended lien against this plaintiff, and that as to this plaintiff the said pretended lien stands as if it had never been foreclosed, and the time permitted for the foreclosure of the same has expired, and said lien is barred against this plaintiff." The appellant lumber company filed its motion to make the complaint more specific, in this: "That whereas it seeks to have its mortgage declared

a prior lien to the judgment of the defendant lumber company, and whereas the said defendant lumber company's judgment is obtained by the foreclosure of its mechanic's lien, that it set up in the complaint the time and dates upon which said defendant lumber company furnished said materials," etc.   This motion was overruled, as was also the lumber company's demurrer to the complaint.   The lumber company then filed its answer, being a general denial, which was afterwards withdrawn, and also a special paragraph.   In the special paragraph of answer it is admitted that the company obtained a decree of foreclosure of its mechanic's lien on February 9, 1894, together with an order of sale of the property described in the complaint.   It is further averred "that the said lumber company began to furnish materials to be used in the erection and construction of a certain frame building, and which materials were used in the erection and construction of said building upon the land as described in its notice of lien; that on the 17th day of February, 1893, such lien was foreclosed on the same land, as described in plaintiff's mortgage, which mortgage was not recorded until March, 1893; that the said lumber company continued so to furnish such materials under contract * * * continuously up until the 24th day of June, 1893, and within sixty days after the furnishing of the said last materials, and on the 26th day of July, 1893, it filed its notice of its intention to hold a lien against the said described real estate, the same as set forth in plaintiff's complaint herein, and within one year thereafter brought its suit to foreclose said lien, and obtained a judgment foreclosing its said lien, and an order of sale to sell the said described realty to satisfy the said judgment."   To this answer a de-

murrer was sustained, and, the lumber company refusing to plead further, judgment of foreclosure was entered in favor of appellee. There can be no doubt that the facts pleaded in the answer show that the appellant's lien, which related back to the date of furnishing the first material, February 17, 1893, was prior to the lien of appellee's mortgage, which latter was not recorded until April 4, 1893. As said in *Fleming* v. *Bumgarner,* 29 Ind. 424, "The lien of the mechanic or material man relates to the time when the work commenced, or the materials began to be furnished, as to subsequent conveyances as well as to other liens." Indeed, we do not understand that the learned counsel for appellee deny the priority of appellant's lien. They simply contend that they may foreclose their mortgage and sell the property without regard to appellant's lien or the foreclosure and sale thereunder; and this for the reason that appellee was not made a party to the proceedings for the foreclosure of appellant's mechanic's lien. The right to a mechanic's lien and the procedure for its enforcement are purely statutory. As said in *Goodbub* v. *Estate of Hornung,* 127 Ind. 181, "In so far as a right to a mechanic's lien in a given case is concerned, we must look only to the statute in force when the material or machinery is furnished or the labor is done;" and "such rights are to be established and enforced by the law existing at the bringing of the suit." Even if the land were already mortgaged at the time the mechanic's lien attached, that would not affect such lien, so far as the then interest of the owner might be concerned. As provided in section 7256, Burns' R. S. 1894, "the lien, so far as concerns the buildings erected by said lien holder, is not impaired by * * * foreclosure of mortgage; but the same may be sold to satisfy the lien and removed within ninety

days after the sale by the purchaser." See *Carriger*
v. *Mackey*, 15 Ind. App. 392. Moreover, even if the
mortgage in suit were prior in time to appellant's
lien (which it was not), we might yet say (following
*Farmers, etc., Co.* v. *Canada, etc., R. W. Co.*, 127 Ind.
250, in its citation from *Brooks* v. *Railway Co.*, 101 U.
S. 443), that the appellee knew that the structure here
in question was yet to be built, and that, while such
building would add to the value of appellee's secur-
ity, the law gave to the men whose labor and money
built it a lien superior to that of the mortgage. One
cannot shut his eyes to the condition and character
of property upon which he is about to take a mort-
gage. So it was held in *Jenckes* v. *Jenckes*, 145 Ind. 624,
citing *Warren* v. *Sohn*, 112 Ind. 213, that, when a person
acquires a mortgage lien upon property, he acquires
it "with knowledge of the uses and purposes to which
such property was applied by its owner, and with no-
tice that under the statute the mortgaged property
was liable to be subjected to after-acquired liens for
labor and material."

So far as to mortgages made prior to the attach-
ing of a mechanic's lien. The mortgage here consid-
ered was, however, given after the attaching of the
mechanic's lien, and is therefore a junior incumbrance.
But it is not absolutely necessary to the validity of a
foreclosure proceeding that either senior or junior in-
cumbrancers should be made parties. At most, it is to
be said that the rights of those not made parties are not
affected. If such rights are not thereby diminished,
neither are they increased, and we are to look to the
law in each case to see what such rights are. If we
should treat appellant's mechanic's lien and appel-
lee's junior mortgage lien as having to each other
simply the relation of two mortgages, as appellee
would seem to argue they ought to be treated, then,

as we have seen, the rights of appellee, as holder of the junior lien, were, at most, not affected by appellant's foreclosure. Its lien remains as before, junior to that of the senior lien holder. "As a general rule," said Judge Worden, in *Hasselman* v. *McKernan,* 50 Ind. 441, "where a junior mortgagee is not made a party to an action to foreclose a senior mortgage the foreclosure does not affect him, and as to him all things remain as if there had been no foreclosure." A like statement of the law is found in *Gaskell* v. *Viquesney,* 122 Ind. 244,—that, where a junior mortgagee is not made a party to the foreclosure of a senior mortgage, "the foreclosure is, as to him, a mere nullity. He is only required to pay the mortgage debt with interest;" citing many like decisions of this court. But it is nowhere held that the foreclosure of a senior mortgage is in itself invalid for the reason simply that a junior lien holder was not made a party. Neither has it been held that the junior mortgagee can thereafter, in disregard of the senior lien, proceed to foreclose his mortgage and sell the land as if he alone had a lien upon it. Following the analogy of these cases, appellee's right as a junior lien holder,—it not having been made a party to appellant's foreclosure suit, and not, therefore, being bound by it,—would be precisely the same as it was before such foreclosure suit was begun. The statute as to the foreclosure of mechanic's liens certainly does not give any greater rights to a junior incumbrancer. It is only prior incumbrancers that are there protected when not made parties. In section 7260, Burns' R. S. 1894, it is provided that, on sale in mechanics' lien foreclosures, "such sale [is] to be without prejudice to the rights of any prior incumbrances, owner, or other persons not parties to the action." It is questionable whether this section does

not treat a mechanic's lien as a pending suit from the date of the doing of the first work, or the furnishing of the first material, until the entry of the judgment of foreclosure, and whether all persons acquiring liens after the doing of such first labor or the furnishing of such first material must not do so at their own hazard, as in other cases *pendente lite.* But without deciding this question, it is at least certain that the rights of such junior incumbrancer (he not being named as such in the statute) are not greater than those of a prior incumbrancer, whose rights, the statute provides, shall not be prejudiced; that is, the junior incumbrancer's rights cannot in any case be greater after than they were before the foreclosure of the mechanic's lien, namely, the right to redeem from the senior lien, or to foreclose subject to such senior lien. The several interests in the land before the suit were: First, that of the owner; second, that of the senior lien holder; and, third, that of the junior lien holder. On the foreclosure of appellant's senior lien, and the purchase of the land, appellant acquired the owner's interest, together with its own, subject to the right of appellee, the junior lien holder, either to redeem from such decree and sale, or to foreclose its own mortgage, and procure a decree for the resale of the land.

But counsel for appellee contend that, however true it may be that the lien of the lumber company was prior to that of the mortgagee, at the time of the foreclosure of the former, yet such priority could last only during the life of the mechanic's lien. This, we think, must be admitted. The statute section 7259, Burns' R. S. 1894 (5298, Horner's R. S. 1897), gives one year from the time when notice is filed in the recorder's office, or, if a credit is given, one year from the expiration of such credit, during which time

suit may be brought for the enforcement of a mechanic's lien; and it is there expressly provided that, "if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void." If the lien in this case had not been foreclosed within the year given by the statute, it is clear that it would have been void as to all persons concerned, including the mortgagee. But, while the lien was duly foreclosed as against the owner of the property, yet, as we have seen, the appellee, as mortgagee, not having been made a party to the action, its rights were in no manner affected thereby; that is, appellee's mortgage stands just the same as it would have stood if the mechanic's lien had not been foreclosed within the time prescribed by the statute. In other words, the year given by statute having expired without a foreclosure of the lien, as against the mortgage, the lien itself and the judgment based thereon must be, as to such mortgage, absolutely void. Equity cannot, as in the case of mortgages, maintain the senior lien on foot, after the expiration of the year, when the statute itself declares that such lien shall then be void. By its foreclosure the lien holder not having made the mortgagee a party, simply stepped into the shoes of the owner of the property; and, as such owner could not question the right of the mortgagee to foreclose against the property, neither can the lien holder now do so,—the year given him by statute to foreclose his lien having expired. It would, of course, be different if the time for the foreclosure of a mechanic's lien were not limited by the statute. See *Catterlin* v. *Armstrong*, 79 Ind. 514, and 101 Ind. 258; and *Union, etc., Loan Ass'n* v. *Helberg.* (Ind. Sup.) 51 N. E. 916. Judgment affirmed.