## HUSTED ET AL. v. THE NATIONAL HOME BUILDING AND LOAN ASSOCIATION.

[No. 18,569.    Filed November 29, 1898.]

From the Madison Circuit Court.    *Affirmed.*

*John W. Lovett, Fred. E. Holloway, D. W. Wood* and *Bagot & Bagot,* for appellants.

*A. M. Wagner, James Bingham* and *J. R. Long,* for appellee.

HOWARD, J.—This was an action brought by the appellee to foreclose a mortgage on real estate. It was alleged in the complaint that on the 15th day of March, 1893, the appellant Julius B. Husted, then owner of the land in controversy and indebted to appellee, executed the mortgage in suit.

The appellant George H. Van Riper receiver of the Alexandria Lumber Company, filed his answer and cross-complaint, in which he averred that prior to the execution of the mortgage, in the month of January, 1893, the appellant Husted contracted with the lumber company to furnish material to be used in the construction of a building on the premises described in the complaint; that, on the 31st day of the same month, said company began furnishing said material, and continued so to do until the following July, when the company filed notice of mechanic's lien, to secure payment for said material; and that afterwards, and before the expiration of one year from the filing of said notice, said lien was foreclosed, all necessary parties being made parties to said proceedings, and the property sold on decree of foreclosure, and purchased by said lumber company for the amount of its judgment. The prayer of the cross-complaint was, that, upon final hearing, the court "declare and decree the lien so held by this cross-complainant as aforesaid, senior to the lien of plaintiff's mortgage set out in the complaint, and for all proper relief."

There is no controversy as to the facts of the case. The cross-complainant's mechanic's lien was confessedly prior and senior to the lien of appellee's mortgage. The question for decision, as said by counsel for appellee, is "as to the relative rights of the mortgagee and the holder of the title or interest gotten by virtue of the foreclosure of a mechanic's lien on the mortgaged property in suit, brought within the year allowed by law, but without making the mortgagee a party."

State, *ex rel.*, *v.* Harris.

This exact question was decided against the contention of appellants, in *Deming-Colborn Lumber Co.* v. *Union, etc., Assn.*, 151 Ind. 463. On the authority of the case cited, the judgment in this case is therefore affirmed.