[No. 9888. Department Two. October 24, 1911.]

WALTER DAVIS, *Respondent*, v. C. A. BARTZ, *Appellant*.[1]

MECHANICS' LIENS—FORECLOSURE—PARTIES—MORTGAGEE — LIMITATIONS—EXPIRATION OF LIEN. Under Rem. & Bal. Code, § 1138, providing that a mechanics' lien shall not bind the property unless an action be commenced to foreclose the same within eight months after the lien is filed, the lien expires as to a mortgagee although suit was commenced against the owner within time, where the mortgagee was not made a party to the suit.

MECHANICS' LIENS—FORECLOSURE—PARTIES—STATUTES—CONSTRUCTION. Rem. & Bal. Code, § 1140, providing that all lien claimants shall be joined in an action to foreclose a mechanics' lien, does not exclude a mortgagee as a necessary party to the action in order to affect his interests.

[1]Reported in 118 Pac. 334.

ESTOPPEL—BY DEED—TO ASSERT MECHANICS' LIEN—ASSIGNMENT OF
MORTGAGE. A mortgagee who also held a mechanics' lien upon the
same property is estopped to assert that his lien is prior to the
mortgage, where, in an assignment of the mortgage, he declared
that it is "subject only to the conditions in said mortgage men-
tioned," and the mortgage contained no reference to the lien.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered June 10, 1911, in favor of the
plaintiff, upon sustaining a demurrer to the answer, in an
action to foreclose a mortgage. Affirmed.

*Stevenson & Sorley*, for appellant.

*H. F. Norris* and *T. W. Hammond*, for respondent.

ELLIS, J.—This case presents a contest for priority be-
tween a mortgage and a mechanics' lien. The facts, as shown
by the pleadings and the exhibit thereto attached, are as
follows: On March 26, 1908, the appellant C. A. Bartz con-
tracted with one Gray, the owner, to erect for him a house
upon certain lots in the city of Tacoma. He at once began
the work, and completed it on August 22, 1908. On May
23, 1908, while the work was in progress, Gray and wife
executed to Bartz a mortgage upon the property. On Sep-
tember 11, 1908, Bartz filed a lien for labor and material
upon the premises. On November 19, 1908, he assigned the
mortgage to the respondent, Walter Davis. Afterwards, at
a time not stated, Andrus-Cushing Lighting and Fixture
Company commenced an action to foreclose a lien against the
premises for material furnished in the construction of the
house, and the appellant Bartz intervened, asking foreclosure
of his lien. The respondent, Davis, was not a party to that
proceeding and did not appear therein. In July, 1910, this
action was commenced by Davis against Gray, Bartz and
others to foreclose the mortgage. The appellant appeared
and filed an answer in the nature of a cross-complaint, setting
up his lien, alleging the pendency of the suit to foreclose the
Andrus-Cushing lien and his intervention therein, and pray-

ing that his lien be adjudged prior to that of the mortgage. The respondent, Davis, demurred to the answer and the demurrer was sustained. The other defendants defaulted, the defendant Bartz, appellant here, declined to plead further, and a decree was entered foreclosing the respondent's mortgage and declaring it superior to the appellant's lien. From that decree, Bartz has prosecuted this appeal.

The only question presented for our consideration is as to whether the demurrer to appellant's answer was properly sustained. This question must be answered in the affirmative.

(1)  No action was commenced to foreclose the lien as against the respondent, Davis, within the life of the lien. The statute, Rem. & Bal. Code, § 1138, provides that,

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed, unless an action be commenced in the proper court within that time to enforce such lien; or, if credit be given, then eight calendar months after the expiration of such credit; . . ."

Since the lien expires by force of the statute unless action be commenced within the statutory time, it is necessary to the pleading and proof of a valid lien that the complaint allege and evidence show that the work was done or materials furnished within that time, or the action cannot be maintained. This necessarily results from the wording of the statute, as construed by this court in a number of decisions. *Rees v. Wilson*, 50 Wash. 339, 97 Pac. 245; *Northwest Bridge Co. v. Tacoma Shipbuilding Co.*, 36 Wash. 333, 78 Pac. 996; *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397; *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389.

It is the manifest purpose of this statute to require the claimant to bring suit to establish his lien while the evidence upon which it rests is sufficiently recent to enable any party interested to successfully contest it if the facts do not warrant the lien. The claimant must accord this opportunity within the time limited or lose his lien. It is equally manifest

that this right of contest is as valuable, and should be as available, to a mortgagee as to the owner. A mortgagee has something more than a mere right to redeem as against an antecedent lien. He has a right to contest its validity or assail its priority if the evidence warrants either defense. He is entitled to his day in court upon these matters, within the period fixed by the statute. In this respect there is no valid distinction between necessary parties and proper parties. *Union Nat. Sav. & Loan Ass'n v. Helberg*, 152 Ind. 139, 51 N. E. 916.

It follows of necessity that any one interested, whether as owner, mortgagee, lien claimant, or otherwise; any one who may defend against the lien, or show by competent evidence that it is not a lien as against his interest, has the right to invoke the statute if the action be not commenced *as against him* within the statutory period. So read the better considered authorities in construing similar statutory provisions.

"As to each defendant in an action, the action is commenced and is pending only from the time of service of the summons on him, or of his appearance without service; and, where each may object that the action was not commenced within the time limited by statute, its commencement as to his objection is to be determined by the time of service on him, and not by the time of service on some other defendant. This is a rule applicable to every action, and applies as well to actions to enforce mechanics' liens as to any others. And any one who may defend against such a lien, who may show that for any reason it is not a lien as against his interest, may object that the lien had expired, or the remedy upon it been lost by lapse of time, before the action was commenced against him." *Smith v. Hurd*, 50 Minn. 503, 52 N. W. 922.

"But counsel for appellee contend that, however true it may be that the lien of the lumber company was prior to that of the mortgagee, at the time of the foreclosure of the former, yet such priority could last only during the life of the mechanics' lien. This, we think, must be admitted. The statute, section 7259, Burns' R. S. 1894; (5298, Horner's R. S. 1897), gives one year from the time when notice is filed in the recorder's office, or, if a credit is given, one year from the ex-

piration of such credit, during which time suit may be brought for the enforcement of a mechanic's lien; and it is there expressly provided that 'if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void.' If the lien in this case had not been foreclosed within the year given by the statute, it is clear that it would have been void as to all persons concerned, including the mortgagee. But, while the lien was duly foreclosed as against the owner of the property, yet, as we have seen, the appellee, as mortgagee, not having been made a party to the action, its rights were in no manner affected thereby; that is, appellee's mortgage stands just the same as it would have stood if the mechanic's lien had not been foreclosed within the time prescribed by the statute. In other words, the year given by statute having expired without a foreclosure of the lien, as against the mortgage, the lien itself and the judgment based thereon must be, as to such mortgage, absolutely void. Equity cannot, as in the case of mortgages, maintain the senior lien on foot, after the expiration of the year, when the statute declares that such lien shall then be void. By its foreclosure the lien holder, not having made the mortgagee a party, simply stepped into the shoes of the owner of the property; and, as such owner could not question the right of the mortgagee to foreclose against the property, neither can the lien holder now do so—the year given him by statute to foreclose his lien having expired. It would, of course, be different if the time for the foreclosure of a mechanic's lien were not limited by the statute." *Deming-Colborn Lumber Co. v. Union Nat. Savings & Loan Ass'n,* 151 Ind. 463, 51 N. E. 936, 938, 939.

See, also, *Hokanson v. Gunderson,* 54 Minn. 499, 56 N. W. 172; *McGraw v. Bayard,* 96 Ill. 146; *Dunphy v. Riddle,* 86 Ill. 22; *Husted v. National Home Building & Loan Ass'n,* 152 Ind. 698, 51 N. E. 1067; *Union Nat. Savings & Loan Ass'n v. Helberg,* 152 Ind. 139, 51 N. E. 916; *Stoermer v. Peoples Sav. Bank,* 152 Ind. 104, 52 N. E. 606; *Krotz v. Beck Lumber Co.,* 34 Ind. App. 577, 73 N. E. 273; *Ward v. Yarnelle,* 173 Ind. 535, 91 N. E. 7; *Green v. Sanford,* 34 Neb. 363, 51 N. W. 967; *Ballard v. Thompson,* 40 Neb. 529, 58 N. W.

1133; *Pickens v. Polk*, 42 Neb. 267, 60 N. W. 566; *Goodwin v. Cunningham*, 54 Neb. 11, 74 N. W. 315.

The appellant suggests that the statute of Indiana provides that a mortgage is a conveyance, that the mortgagee is there treated as an owner, and that this furnishes some reason for the above cited decisions of the Indiana court, which would not apply here where a mortgage is a mere lien. The statute of Indiana is not in evidence nor is it cited. It might be presumed that it is the same as that of this state, but in any event, neither of the Indiana decisions is based upon the ground suggested, while each of them refers to the mortgage as a lien. In none of them is it held or intimated that a mortgagee is to be regarded or placed in the same category as an owner. Moreover, the only distinction between an owner and a mortgagee as a party to the lien foreclosure is that the owner is a necessary party to any valid foreclosure, while a mortgagee is a proper party. The only distinction, so far as here material, between a necessary party and a proper party is that a foreclosure of the lien without the one is absolutely void, while a foreclosure without the other is void only as to him. We regard the foregoing authorities as directly applicable to the question here.

The only authority to the contrary called to our attention is *Cornell v. Conine-Eaton Lumber Co.*, 9 Colo. App. 225, 47 Pac. 912. The statute of Colorado designating who shall be made parties in the suit to foreclose a lien expressly mentions the owner of the property. The court held, apparently under the maxim *expressio unius exclusio alterius*, that a mortgagee, not being so mentioned, need not be made a party in order to preserve the lien as to him. Our statute is not open to such a construction. In any event, a view so narrow fails to impress us as either sound in principle or equitable in practice. It fails to accord to a mortgagee the same measure of protection against fraudulent liens which it gives to the owner, though he is unquestionably as vitally interested in the matter as is the owner.

"The rights of a mortgagee are regarded with no less favor than those of the purchaser of the fee. He is even held to be a purchaser within the meaning of the registration laws of most of the states. (Jones, Mortgages, 458.) There are no considerations of equity in favor of the continuance of the lien as against mortgagees that do not apply with equal force to purchasers; but whatever reasons may be urged for a different conclusion, the question must be regarded as settled by *Green v. Sanford.*" *Ballard v. Thompson,* 40 Neb. 529, 58 N. W. 1133.

Counsel also contend that Rem. & Bal. Code, § 1140, which provides that all lien claimants shall be joined as parties in the suit to foreclose the lien, authorizes the omission of all other persons interested in the property save the owner. It will be noted, however, that if the mention of lien claimants in this section may be held to exclude mortgagees because mortgagees are not mentioned, then, by parity of reasoning, it would also exclude the owner of the premises, since the owner is not mentioned. It is obvious that the only purpose of the section is to authorize the foreclosure of all liens on the same property in one action and to avoid a multiplicity of suits; not to designate generally who are proper or necessary parties to such suits. These, aside from the lien claimants designated, are to be determined as in other actions. The mortgagee is a proper party, and his interest cannot be affected by a suit to which he is not a party and in which he does not appear.

"There is no unity of interest between the legal owner of real estate and one claiming a lien on it through him, either by mortgage, mechanic's lien, or otherwise, such as makes either the representative of the other in an action, so that service on one is equivalent to service on the other." *Smith v. Hurd,* 50 Minn. 503, 52 N. W. 922.

By the failure to make the respondent a party to the suit to foreclose the lien, or to make him a party to his complaint in intervention therein, the appellant Bartz was remitted to his original lien in his defense to the mortgage foreclosure.

But when he appeared in that suit he had no lien.    It had expired by force of the statute.    His defense must therefore fail.    His lien, though it may be preserved as against the owner, has been lost as to the respondent.    It is postponed to the lien of the mortgage.

(2)    The appellant is estopped by his assignment of the mortgage to assert his lien as against the assignee.    He knew when he made this assignment that he claimed a lien upon the same premises covered by the mortgage, yet in the assignment he declares that it is "subject only to the conditions in said mortgage mentioned."    The mortgage, a copy of which is attached to the complaint as an exhibit, contains no reference to the lien.    The matter constituting the estoppel is sufficiently pleaded and is not denied.    The only conceivable purpose of this recital was that, so far as Bartz was concerned, the mortgage should be a first lien upon the premises.

The demurrer was properly sustained.    The judgment is affirmed.

DUNBAR, C. J., CHADWICK, CROW, and MORRIS, JJ., concur.