MITCHELS PLUMBING & HEATING CO. *v.* WHITCOMB & KELLER
MORTGAGE COMPANY, INC. AND CITIZENS BANK
OF MICHIGAN CITY, INDIANA.

[No. 3-672A26. Filed November 15, 1972.]

*Donald E. Transki,* of Michigan City, for appellant.

*C. T. Kitowski,* of Michigan City, for appellee.

SHARP, J.—Edward W. Orlowski and Beulah M. Orlowski, husband and wife, were the owners of certain real estate situated in LaPorte County, Indiana. On the 9th of May, 1969 Edward W. Orlowski and Beulah M. Orlowski executed their promissory note to the Whitcomb & Keller Mortgage Company, Inc., secured by a real estate mortgage executed on the same day and duly recorded on May 15, 1969. Edward W. Orlowski and Beulah M. Orlowski defaulted in their payments in regard to said promissory note and mortgage.

On July 19, 1971 a judgment was entered against Edward W. Orlowski and Beulah M. Orlowski in favor of Citizens Bank of Michigan City, Indiana, in the sum of $1,416.00 in cause number 32322 in the LaPorte Superior Court No. 1. No timely appeal was taken therefrom.

Commencing on April 10, 1969 Mitchels Plumbing & Heating Co. furnished labor and materials for plumbing and heating facilities in a dwelling house on said real estate. On January 23, 1970 Mitchels Plumbing & Heating Co. duly filed its notice of intention to hold a mechanic's lien on said real estate and on January 12, 1971 Mitchels Plumbing & Heating Co. filed a complaint to foreclose such mechanic's lien against Edward W. Orlowski and Beulah M. Orlowski. No other lienholders were named as parties defendant in said case. On August 17, 1971 a money judgment was entered for Mitchels Plumbing & Heating Co. against Edward W. Orlowski and Beulah M. Orlowski in the sum of $2,746.78 plus costs in cause number 32028 in Superior Court No. 1 of LaPorte County, Indiana. No timely appeal was taken. IC 1971, 32-8-3-6, Ind. Ann. Stat. § 43-705 (Burns 1965 Repl.) provides in part:

> "If said lien be foreclosed as herein provided, the court rendering judgment shall order the sale to be made, and the officers making the sale shall sell the property without relief whatever from valuation or appraisement laws."

No such order of sale was made by the trial court rendering the judgment in cause number 32028. It would therefore appear that a money judgment was entered and not a judgment to foreclose a mechanic's lien under § 43-705.

This case was instituted on August 11, 1971 by Whitcomb & Keller Mortgage Company, Inc., to foreclose its said mortgage. Mitchels Plumbing & Heating Co. and Citizens Bank of Michigan City, Indiana, were designated as party defendants in this case for the purpose of answering as to any

claim or interest said Defendants may have in the above described real estate. The Citizens Bank of Michigan City, Indiana, answered in two legal paragraphs, one in admission and denial and the second requesting the trial court to determine the priority of liens on said real estate as between Whitcomb & Keller Mortgage Company, Inc., Mitchels Plumbing & Heating Co. and Citizens Bank of Michigan City, Indiana. Mitchels Plumbing & Heating Co. answered in admission and denial and filed a counterclaim based on the judgment in favor of Mitchels Plumbing & Heating Co. against Edward W. Orlowski and Beulah M. Orlowski in cause number 32028 in the LaPort Superior Court No. 1 on the 17th of August, 1971 and asserted that said judgment had priority over the claims and liens of Whitcomb & Keller Mortgage Company, Inc., and Citizens Bank of Michigan City, Indiana.

The trial court in this case entered findings and judgment and ordered a foreclosure sale of the real estate in question and further ordered that the proceeds arising from said sale should be applied in the following manner:

1. To the payment of all costs and accruing costs in this case;
2. To pay the judgment to Whitcomb & Keller Mortgage Company, Inc.;
3. To pay the judgment of Citizens Bank of Michigan City, Indiana;
4. To pay the judgment of Mitchels Plumbing & Heating Co.;
5. To pay the balance over, if any, according to law.

Mitchels Plumbing & Heating Co. filed motion to correct errors which raised two questions:

(a) The mechanic's lien of Mitchels Plumbing & Heating Co. has priority under IC 1971, 32-8-3-4, Ind. Ann. Stat. § 43-704 (Burns 1965).
(b) That the lien of Mitchels Plumbing & Heating Co. did not lose priority by the judgment entry determining the amount due to it.

The motion to correct errors was overruled and is the sole assignment of error here.

The pertinent section of the mechanic's lien law is IC 1971, 32-8-3-4, Ind. Ann. Stat. § 43-704 (Burns 1965) and reads as follows:

". . . all *liens* so created shall *relate to the time* when the mechanic or other person *began to perform* the labor or furnish the materials or machinery, *and shall have priority over all liens suffered or created thereafter,* except the liens of other mechanics and materialmen, as to which there shall be no priority." (our emphasis)

This same language has been in the Indiana Mechanic's Lien statute since 1883. See Acts 1883, ch. 115, § 4.

In *Demma et al.* v. *Forbes Lumber Co.* (1961), 133 Ind. App. 204, 220, 178 N.E.2d 455, Judge Cooper, speaking for the Appellate Court, said:

"In an action to foreclose a mechanic's lien, the owners of the property, either legal or equitable, and all others who acquire any right, title or interest in said real estate prior to the time suit is commenced are necessary parties in order for the court to have jurisdiction over the real parties in interest of the controversy."

*Demma* follows and is consistent with a long line of Indiana cases, all of which have been decided during the advent of the provisions of § 43-704 and its identical predecessors. See *Krotz* v. *A. R. Beck Lumber Co.* (1905), 34 Ind. App. 577, 73 N.E. 273; *Stoermer* v. *People's Bank of Evansville, Indiana* (1899), 152 Ind. 104, 52 N.E. 606; *Union National Savings & Loan Assn.* v. *Helberg* (1898), 152 Ind. 139, 51 N.E. 716; *Deming-Colborn Lumber Co.* v. *Union National Savings and Loan Assn.* (1898), 151 Ind. 463, 51 N.E. 936; and *Martin* v. *Berry* (1902), 159 Ind. 566, 64 N.E. 912. See also the summary West Ind. Law Ency., Vol. 19, *Mechanics' Liens,* § 95.

One seeking to establish a mechanic's lien must make a mortgagee of the premises a party if he desires to bind the interest of the mortgagee, and a mechanic's lien foreclosed within the required time as against the owner, without making a mortgagee of the premises a party, is void as to the latter after one year from the time of notice of intention to hold the lien was filed. *Husted* v. *National Home Building & Loan Assn.* (1898), 152 Ind. 698, 51 N.E. 1067, *Stoermer* v. *People's Savings Bank, supra,* and *Union National Savings & Loan Assn.* v. *Helberg, supra.*

On January 12, 1971 when Mitchels Plumbing & Heating Co. filed its action to foreclose the mechanic's lien on the premises of the Orlowskis, the mortgage lien of Whitcomb & Keller Mortgage Company, Inc. was a matter of record. It must therefore be presumed that the failure to make Whitcomb & Keller Mortgage Company, Inc. a party defendant in cause number 32028 was one of conscious choice. This failure renders inapplicable the quoted provision of § 43-704 as to priorities in this case. It also renders inapplicable that line of cases which reaffirms the statutory provision that a mechanic's lien relates back to when the work was commenced or materials first furnished. *Ward* v. *Yarnelle* (1910), 173 Ind. 535, 91 N.E. 7 and *Watson* v. *Strohl* (1943), 220 Ind. 672, 46 N.E.2d 204.

The trial court, therefore, decided the question of law involved here correctly and should be and hereby is affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J. concur.

NOTE.—Reported at 289 N.E.2d 138.