[No. 1678. Decided May 1, 1895.]

SOLICITORS LOAN AND TRUST COMPANY, *Respondent*, v. WASHINGTON AND IDAHO RAILROAD COMPANY, *Appellant*.

MORTGAGES — FORECLOSURE — SALE IN PARCELS.

Upon the foreclosure of a mortgage upon land, a portion of which had been conveyed away subsequent to the mortgage, it is the duty of the court to ascertain whether the mortgaged premises can be sold in parcels without impairing the security of the mortgagee, and, if so, to direct the sale of the land remaining to the mortgagor prior to the sale of that portion conveyed away by him.

*Appeal from Superior Court, Spokane County.*

*H. M. Herman,* for appellant.

*C. B. Upton* and *Fenton & Henley,* for respondent.

The opinion of the court was delivered by

ANDERS, J.— On September 5, 1888, Wilson Meads and Mary A. Meads, his wife, executed and delivered to the Solicitors Loan & Trust Company a mortgage on an eighty acre tract of land in Spokane county, described as the east half of the northwest quarter of section 29, in township 25 north, range 44 east, to secure the payment of their promissory note of that date for $550. Subsequently they sold and conveyed by warranty deed to the Washington & Idaho Railroad Company a strip of land one hundred feet wide and extending diagonally across the north half of the mortgaged premises. The railroad company thereafter constructed a railroad upon this right of way upon a grade of from two to four feet above the natural surface of the ground, fenced it on each side, and dug a ditch some two or three feet deep along, and parallel with, the grade. Between four and five acres were thus cut off from the main body of the original tract, and the right of way included something over two acres thereof.

The terms and conditions of the note and mortgage not having been complied with by Meads and wife, the respondent instituted this action to foreclose its mortgage. The mortgagors, the railroad company and some judgment creditors were made parties defendant, and a default judgment was taken against all of the defendants, except the railroad company. It appeared and filed an answer, in which it alleges its ownership of a strip of land one hundred feet wide over and across the premises described in the complaint; that the value of the tract of land covered by plaintiff's mortgage is largely in excess of what is necessary to secure the payment of the amount due upon the mortgage, including interest, costs and attorney's fees, and that a sale of

said premises in parcels can be made without injury to the interests of the parties thereto; and praying the court to ascertain and find that the property can be sold in parcels, and to direct the sale of the tracts separated from each other by the defendant's right of way, separately, and prior to the sale of the land conveyed to defendant, if a sale thereof be found necessary.

The court refused to order the land to be sold in parcels, and the only question to be determined on this appeal is whether it erred in so doing. Numerous authorities are cited by the learned counsel for appellant to sustain his contention that it was the duty of the court to ascertain whether the mortgaged premises could be sold in parcels, and if so, to direct so much only to be sold as might be necessary to pay the amount due plaintiff.

There can be no doubt that it was the duty of the court to protect the interests of the railroad company so far as it could be done without impairing the right of respondent under its mortgage. The latter had a right to have the lien of its mortgage protected in the fullest manner possible. Wiltsie, Mortgage Foreclosures, § 490. And if it was the duty of the court, after ascertaining that the respondent's mortgage was valid and prior in point of time to appellant's deed, to do anything beyond ordering a sale of the property to satisfy the mortgage debt, it was to see that appellant was not injured by an improper method of sale.

It is said in *Niles v. Harmon*, 80 Ill. 396, cited by appellant, that:

" Where the owner of land mortgaged conveys a portion of it with warranty, it is his duty to protect the grantee against the mortgage, and, in foreclosing the mortgage, it is just and right that it should be satisfied, if may be, out of the portion of the land which

remains to the mortgagor, and that it should be first charged with the debt. This protects the interest of the purchaser of the part, and makes the mortgagor but pay his own debt out of his own land. It saves such purchaser from loss and injury and does no harm to any one else."

The rule there laid down as to the order of sale in cases where the mortgagor has sold and conveyed a portion of the mortgaged premises has long been recognized and enforced by courts of equity, and should be adopted and followed in this case, unless it is clearly in contravention of the provisions of our statute. Section 627 of the Code of Procedure provides that "in rendering judgment of foreclosure, the court shall order the mortgaged premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of the action." This is in effect what the court did in this instance; but it will be observed that this section of the statute does not purport to designate the order of sale. It does not, therefore, follow that the judgment must be sustained merely because it is in conformity with the general language of the statute. If the mortgagor had been the owner of the whole of the mortgaged premises at the time of the trial, the judgment, as entered, would not be open to criticism, for the reason that, in such cases, it is the duty of the sheriff, rather than that of the court, to determine, *in limine,* whether the mortgaged premises should be sold in parcels or otherwise.

In reference to this question the supreme court of California in *Jones v. Gardner,* 57 Cal. 641, cited by respondent, said:

"The court was not bound to ascertain at the trial whether it would be to the advantage of defendant to have the lots sold separately. It may be the duty of the *sheriff* to make sale of the lots separately, and it

would seem to be the right of the mortgagor to direct the order of the sale; but defendant is not called on to *plead* that it would be to his disadvantage to have the lands sold in gross, and such a plea creates no material issue."

And in *Piel v. Brayer*, 30 Ind. 332 (95 Am. Dec. 699), it was held, under a statute similar to ours, that where the whole sum secured by the mortgage is due, no such question as whether the court in a foreclosure proceeding is required to ascertain whether the property cannot be sold in parcels, can properly be presented to the court.

These decisions are based upon the principle that where the law has confided the method of conducting sales to a public officer, it must be presumed that he will obey the law, and until he fails so to do, the court is not bound to, and will not, interfere in behalf of an interested party. Accordingly, in the case above cited from Indiana, it was held that it is the duty of the sheriff to sell according to law, even though the decree of the court direct otherwise.

But these cases are not authority upon the point now under consideration, for the reason that the rights of a purchaser of mortgaged property were not there passed upon or considered. The Code of Procedure prescribes the manner of enforcing decrees of foreclosure, and is as follows:

" SEC. 630. The decree may be enforced by execution, as an ordinary decree for the payment of money. The execution shall contain a description of the mortgaged property. The sheriff shall indorse upon the execution the time when he receives it, and he shall thereupon forthwith proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest and costs, upon giving the notice prescribed in § 500, relating to sales of property under execution."

And as to sales under execution it is provided in § 501, that:

"When the sale is of real property, and consisting of several known lots or parcels, they shall be sold separately or otherwise as is likely to bring the highest price; or, when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion shall be sold separately."

Where the real property to be sold does not consist of known lots or parcels the rule is that, "the sheriff shall offer the land for sale, the lots and parcels separately or together as he shall deem most advantageous. All land except town lots shall be sold by the acre." Sec. 504.  See, also, § 505.

Sec. 634, cited by appellant, is clearly inapplicable to the facts of this case, as will appear by reading it in connection with the preceding section.

It will be seen by an examination of these several sections of the Code that none of them contain anything inconsistent with the equitable rule contended for by appellant.  They refer generally, so far as foreclosure proceedings are concerned, to sales where no part of the mortgaged property has been alienated. In fact, § 501 seems to recognize the right of one claiming a portion of the property which is to be sold to have his part sold separately.

We think the appellant was justly entitled to an order directing the sheriff to sell, according to law, all of the mortgaged premises remaining to the mortgagors, before offering for sale that portion conveyed to and owned by appellant.  *Foster v. Union National Bank*, 34 N. J. Eq. 48.

That portion of the judgment appealed from is therefore reversed, and the cause remanded with instruc-

tions to direct the property to be sold in the order above indicated.

Hoyt, C. J., and Gordon, J., concur.

Dunbar, J., dissents.