[No. 2544. Decided June 17, 1897.]

P. J. NASON, *Respondent*, v. THE NORTHWESTERN MILLING AND POWER COMPANY *et al.*, *Defendants*, AMSTERDAMSCH TRUSTEE'S KANTOOR, *Appellant*.

MECHANICS' LIENS — PRIORITY OVER MORTGAGE — ENFORCEMENT — CONTRACT OF EMPLOYMENT — EFFECT OF MONTHLY PAYMENTS.

Under Laws 1893, p. 33, §§ 4, 5, providing that when a claim of lien for labor or material performed or furnished upon a building is filed within ninety days from the date of cessation of the performance of such labor or of the furnishing of such material, the lien shall be preferred to any lien, mortgage or other incumbrance which may attach subsequently to the time of the commencement of the performance of the labor or the furnishing of the material, when a claim of lien for labor is filed within the statutory time, the lien therefor relates back to the time of commencement of the labor and has priority over a mortgage subsequently executed on the premises, although the claim of lien may not be filed until after foreclosure proceedings have been instituted by the mortgagee and after notice of lis pendens filed.

Laws 1893, p. 36, § 11, providing that " no person shall begin an action to foreclose a lien upon any property while a prior action begun to foreclose another lien on the same property is pending," etc., except by intervening therein, has reference only to the enforcement of liens for labor and material, and does not

restrain the holder of a mechanic's lien from bringing a separate action for its enforcement while a mortgage foreclosure is pending.

The fact that compensation for services is payable monthly would not affect a contract of employment in drawing plans and superintending the construction of a building which, from its very nature, would indicate that the contract of employment was an entirety and not one merely of monthly service.

Appeal from Superior Court, Spokane County.—Hon. JAMES Z. MOORE, Judge.   Affirmed.

*Binkley, Taylor & McLaren*, for appellant.
*James Dawson*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was commenced by respondent in the superior court for Spokane county to foreclose a lien for services rendered and labor performed as " architect, superintendent and laborer " in and upon a certain large brick building, owned by the Northwestern Milling and Power Company, a corporation, between the 22d of April, 1895, and the 14th of March, 1896.   Respondent's claim for lien was filed for record in the auditor's office on the 12th day of May, 1896.   The Amsterdamsch Trustee's Kantoor, a corporation, was made a party to the proceeding under the general allegation that it had, or claimed to have, some interest, which respondent alleged was subsequent to and subject to his lien.   The milling company made no appearance in the action.   The appellant, on the 1st day of June, 1896, filed a general demurrer which it appears to have abandoned, and, thereafter, on the 10th day of June it made answer, in which it affirmatively alleged that on the 2d day of June, 1896, in an action pending in the superior court of Spokane county, in which it was plaintiff and the Northwestern Milling and Power Company, a corporation, was defendant (being cause No. 10,592 in that

court), a decree was entered in its favor foreclosing a mortgage made by the milling company upon the premises affected by and embraced within respondent's claim of lien, and that the action, in which said decree was given and made, was commenced by the filing of a complaint therein with the clerk of said superior court on the *20th* day of *March, 1896,* and on the same day filing with the auditor a notice of the pendency of said action; that in and by the decree aforesaid all persons claiming through or under the defendants in that action, subsequent to the filing of plaintiff's mortgage or subsequent to the filing of the notice of *lis pendens* in said action, were barred and foreclosed of and right, estate, interest or lien upon the premises affected thereby.

The answer did not disclose the date of the execution or record of appellant's mortgage, but, as already noticed, it alleged that the action to foreclose it was commenced, and notice of *lis pendens* filed, on the 20th of March, 1896, which was prior to the record of respondent's claim for lien. At the trial, after respondent had introduced his evidence and rested, appellant's counsel entered the following motion:

" I move that the action be dismissed, as it appears by the evidence and the admissions of plaintiff himself that he was employed by the month, and by the complaint it appears that he has been paid for at least two months of his employment. I would like to have the record in the case of the *Amsterdamsch Trustee's Kantoor v. N. W. Milling and Power Company,* in order to show our *lis pendens* was filed and our decree, unless Mr. Dawson [respondent's attorney] is willing to admit the *lis pendens* was filed on the 20th of March."

Thereupon respondent's counsel objected and the court sustained the objection, and no further proof being offered by either party the court made its findings and entered de-

cree in favor of the respondent, from which the mortgagee has appealed.

A single error is assigned, viz.: " That the trial court erred in excluding the testimony offered on behalf of appellant." Included within the statement of facts which, has been brought to this court are what purport to be copies of certain portions of the record in an action entitled the *Amsterdamsch Trustee's Kantoor v. N. W. Milling and Power Company*, the parts of records so referred to being the findings of fact, conclusions of law and decree of the court in that action, and also the notice of *lis pendens* heretofore referred to. From such findings it appears that appellant's mortgage was executed on May 21, 1895, and recorded on the same day. Upon the record, it is doubtful if appellant is entitled to be heard to urge that the court excluded any testimony offered by it. The statement of counsel, that he " would like to have the record in the case of [naming it]," was made in connection with his motion to dismiss, and it seems to us not to have amounted to an offer of evidence, nor from the language employed could it be told what the " record " so offered contained. But, aside from this, and assuming that the proper offer was made, we are of the opinion that the court did not err in excluding the findings of fact and the decree in the action referred to. Respondent was not a party to that action, and could only be affected thereby upon the theory that he acquired an interest in the premises *subsequent* to the filing of the notice of *lis pendens* therein; and it is the contention of appellant that the respondent acquired no interest in the mortgaged premises until he filed his claim of lien on *May 12, 1896*, and its entire case is based upon that assumption. The doctrine of *lis pendens* is that " a purchaser, assignee or attaching creditor of mortgaged premises, during the pendency of a suit to foreclose, is bound by the decree made

against the party to the action from or through whom he derives title " (Wiltsie, Mortgage Foreclosures, § 130), and if appellant's contention that a claimant under a mechanic's lien acquires no interest in the premises until he files his lien claim is correct, it would undoubtedly have been proper for the appellant to have shown that its notice of *lis pendens* was filed prior to respondent's notice of lien claim. Our statute on the subject of mechanics' liens provides (Session Laws 1893, pp. 33 and 34).

" Sec. 4. The liens created by this act are preferred to any lien, mortgage or other incumbrance which may attach subsequently to the time of the commencement of the performance of the labor, or the furnishing of the materials for which the right of lien is given by this act."

Sec. 5 provides that

" No lien created by this act shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record as hereinafter provided, in the office of the county auditor of the county in which the property, or some part thereof to be affected thereby, is situated."

The language of the statute admits of little difficulty in its construction. The lien which the act affords to the laborer is preferred to any mortgage attaching " subsequently to the time of the commencement of the performance of the labor," and the effect of the statute is such that, when a claim for lien is filed within the time designated by the act, the lien " relates back to the time when the work was performed or the material furnished, and hence takes precedence of all claims to the property improved which have been fastened upon it since that time." *Trammell v. Mount,* 68 Tex. 210 (4 S. W. 377, 2 Am. St. Rep. 479); *Lookout Lumber Co. v. Mansion Hotel, etc., Ry. Co.,* 109

N. C. 658 (14 S. E. 35): *Monroe v. West,* 12 Iowa, 119 (79 Am. Dec. 524); Phillips, Mechanics' Liens (3d ed.), § 228.

It is also urged that the evidence offered would, if admitted, have shown an action pending for the foreclosure of the mortgage when respondent began his action, and that therefore respondent was not entitled to begin an independent action for the foreclosure of his lien against the same premises, and § 11, ch. 24, Laws 1893, p. 36, is cited in support of this contention. That section is as follows:

" The liens provided by this act, for which claims have been filed, may be foreclosed and enforced by a civil action in the court having jurisdiction; in any action brought to foreclose a lien, all persons who, prior to the commencement of such action, have legally filed claims of liens against the same property, or any part thereof, shall be joined as parties, either plaintiff or defendant; and no person shall begin an action to foreclose a lien upon any property while a prior action begun to foreclose another lien on the same property is pending, but if not made a party plaintiff or defendant to such prior action, he may apply to the court to be joined as a party thereto, and his lien may be foreclosed in such action."

To this contention there are two answers: (1) That the evidence offered does not show when the foreclosure action was begun. Neither the summons nor complaint in that action was offered in evidence and the notice of *lis pendens,* which appears to have been filed on March 20, 1896, was not in itself the best, or any, evidence of the commencement or existence of an action. (2) The statute relied upon (§ 11, *supra*), does not relate to mortgage foreclosures, but only to " the liens provided by this act." The title of the act is "An act creating and providing for the enforcement of liens for *labor and material,*" and we are not disposed to enlarge the terms of that section, or to extend it to cases not embraced within its express terms.

It is also urged that the respondent's claim for lien is based upon services rendered under an employment from month to month, and that all work done by him subsequent to the recording of appellant's mortgage was performed under contracts made by him after legal notice of appellant's rights, and his lien therefore is subordinate to appellant's mortgage. We think it is apparent from the record that the contract of employment was an entirety, and contemplated not only the drawing of plans, but superintending the construction of the building to completion, and the fact that under it compensation was to be made by the month does not affect the contract. Phillips, Mechanics' Liens, § 229 and authorities there cited.

Decree affirmed.

Scott, C. J., and Dunbar, Anders and Reavis, JJ., concur.