[No. 36661. Department Two. January 30, 1964.]

WASHINGTON ASPHALT COMPANY, *Respondent,* v. HAROLD B. BOYD *et al., Appellants,* JOHN R. AMUNDSEN *et al., Respondents,* EUGENE J. CRAIG *et al., Defendants.*\*

\*Reported in 388 P. (2d) 965.

*McMicken, Rupp & Schweppe* and *Robert R. Beezer,* for appellants.

*Lycette, Diamond & Sylvester* and *Simon Wampold,* for respondent.

HAMILTON, J.—On October 27, 1959, Washington Asphalt Company, plaintiff-respondent, at the behest of one Arne G. Goedecke acting individually, for his marital community, and in his capacity as president of El Dorado Homes, Inc., a domestic corporation, undertook to grade and pave a roadway to and through certain unplatted acreage situated on Mercer Island, King County, Washington. The agreed price to be paid plaintiff was $4,242. El Dorado Homes, Inc., which then owned the major portion of the property, planned to plat and subdivide the acreage into 14 lots. In anticipation of official approval of the proposed subdivision, El Dorado Homes, Inc., conveyed 13 of the proposed lots to others by metes and bounds descriptions. The proposed subdivision plat was never officially approved or recorded.

Plaintiff completed its roadwork on May 24, 1960, filed notice of claim of mechanics' lien, pursuant to RCW 60-.04.040, on August 22, 1960, and instituted suit to enforce its lien on March 10, 1961.

Named as defendants in the lien foreclosure suit, as owners of the parcels designated as lots in the unrecorded plat and of undivided interests in the roadway, were: (a) Harold B. Boyd and wife, Boyd Enterprises, Inc., a corporation, and Harold B. Boyd Investment Company, a part-

nership, as owners of 9 parcels acquired by quitclaim deeds in lieu of mortgage foreclosures subsequent to August, 1960; (b) John R. Amundsen and wife, as owners of 2 parcels acquired by warranty deed in January, 1960, and encumbered by a mortgage assigned to and held by American Discount Corporation; (c) Robert A. Kelly and wife, as owners of 2 parcels acquired, in part at least, prior to October 27, 1959; (d) Eugene J. Craig, as trustee in bankruptcy of El Dorado Homes, Inc., El Dorado Homes, Inc., and Arne G. Goedecke and wife, as owners of the remaining parcel encumbered by a mortgage held by one Howard A. Gustafson and wife; and (e) Water District No. 93, King County, as owner of a service easement over the roadway.

Prior to trial, Robert A. Kelly and wife, Water District No. 93, and Eugene J. Craig, who had not qualified as trustee in bankruptcy, were dismissed from the action, and an order of default was entered against El Dorado Homes, Inc., and Arne G. Goedecke and wife. At the time of their dismissal, defendants Robert A. Kelly and wife paid to plaintiff the sum of $506.25, which was credited against the $4,242 cost of the roadway.

Following trial, the court, upon appropriate findings of fact and conclusions of law, (1) rendered judgment in the sum of $3,735.75, together with interest, attorneys' fees, and costs, against defendants Arne G. Goedecke and wife, El Dorado Homes, Inc., and whomsoever may qualify or be qualified as trustee in bankruptcy of El Dorado Homes, Inc.; (2) established a lien in the amount of the judgment against all parcels of property within the unplatted tract, except the two parcels owned by Robert A. Kelly and wife; and (3) ordered all liened parcels sold in satisfaction of the judgment.

Defendants Boyd and their business entities appeal, predicating a challenge to the imposition of the lien against their parcels upon two contentions.

By their first contention, defendants urge that the trial court erred in ordering the sale of their parcels, together with the other parcels, without first ordering the sale of the parcel retained by El Dorado Homes, Inc., or offsetting the

full value of such parcel against the amount of the lien. In support of this contention, defendants rely upon the doctrine of chargeability of lands subject to a foreclosure sale in the inverse order of their alienation, a rule which has been recognized and applied in this state with respect to mortgage foreclosures. *Solicitors' Loan & Trust Co. v. Washington & Idaho R. Co.,* 11 Wash. 684, 40 Pac. 344; *Black v. Suydam,* 81 Wash. 279, 142 Pac. 700; *Bode v. Rhodes,* 119 Wash. 98, 204 Pac. 802. Defendants assert the doctrine to be applicable to lien foreclosures, based upon that portion of RCW 60.04.130 which provides that property in lien foreclosures shall be liable as in mortgage foreclosures.

We have no quarrel with the doctrine as stated in the cited cases, nor with its application under appropriate circumstances in lien foreclosure cases. See, in this latter respect, *Jennings v. Moon,* 135 Ind. 168, 34 N. E. 996. It is, however, an equitable doctrine and will be ordered only when the equities of all interested parties will be subserved thereby, and where its application will not impair the security of the paramount mortgage or lien. *Black v. Suydam, supra.* It is a phase of and analogous to the equitable doctrine of marshaling securities and, as with the marshaling doctrine, the burden of demonstrating conditions justifying application is and should be upon the party seeking the benefit. *Edward L. Eyre & Co. v. Hirsch,* 36 Wn. (2d) 439, 218 P. (2d) 888.

The question then is whether the defendants Boyd have established an equitable footing upon which they can stand and assert the benefits flowing from the doctrine they urge.

The defendants did not by their pleadings serve notice upon any of the parties that they intended to seek satisfaction of the lien by sale of the parcels in the inverse order of their alienation. Instead, they contested the validity of the lien and first asserted the doctrine at the time of trial after the Kellys had paid a consideration and been dismissed from the action. The record is sparce as to the consideration paid by the defendants for their mortgages upon which their quitclaim deeds are based, and as to the intent of the parties with respect to any outstanding liens or

encumbrances, although the major portion of the roadwork was completed at the time of the mortgages and the defendants had notice of the lien claim at the time of the quitclaim deeds. The road, and any benefits flowing therefrom, has and will serve to enhance the value of defendants' parcels to the same degree as the other parcels which will in some measure, under the court's order, bear their share of its cost. And, finally, the mortgagee of the parcel retained by El Dorado Homes, Inc., was not joined as a party to the action, either by the plaintiff or at the request of defendants Boyd, and, accordingly, was not represented or before the court at any stage of the proceeding.

Under these circumstances, taken in the aggregate, we cannot say the trial court erred or abused its discretion in refusing to first order the sale of the parcel retained by El Dorado Homes, Inc., and thereafter sale of the remaining parcels in the inverse order of their alienation. It has not been demonstrated that the equities of all interested parties would be better served by applying the doctrine as requested by defendants.

By their second contention, defendants assert that by releasing the Kellys' two lots and two lots from an adjacent subdivision, by dismissing Water District No. 93 and the unqualified trustee in bankruptcy, and by failing to join in the action the two mortgagees, plaintiff inequitably and prejudicially imposed the full impact of the lien obligation upon their parcels. Defendants, in effect, argue plaintiff is equitably estopped from enforcing its lien against their property.

■ A lien foreclosure proceeding is equitable in nature. *Kilroy v. Mitchell,* 2 Wash. 407, 26 Pac. 865; *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712. The burden of establishing an estoppel rests upon the party asserting it. Release, dismissal, or nonjoinder of parties in a lien foreclosure action does not ipso facto establish estoppel to assert the lien. Prejudice and offense to good conscience and equity must flow from the course of conduct relied upon.

In the instant case, analysis of the actions relied upon as waiving or estopping assertion of plaintiff's lien rights

against defendants' property demonstrates such actions do not support defendants' contention, and that defendants have not sustained their burden of proof in this respect.

█ With respect to the Kellys, the evidence indicates that they acquired their parcels of property, in part at least, prior to commencement of plaintiff's roadwork. Based upon this fact, coupled with the payment of $506.25 at the time of the release, the trial court found as a fact that plaintiff in good faith and for cause released the Kellys' property and dismissed them from the foreclosure action. Defendants do not challenge or assign error to this finding. Instead, they argue that, computed upon the ratio of 14 parcels to the sum of $4,242, the Kelly parcels did not bear their proportionate share of the cost of the road. Mathematically the defendants are correct; however, the evidence reveals that the value of the different parcels and the relative benefits of the road are not precisely comparable, for not all parcels are equal in size, topography, or road frontage. Furthermore, the evidence would tend to indicate that not all parcels comply in size with existing area building and zoning regulations. Thus, absent any definitive evidence of comparable benefits, it cannot be persuasively asserted, upon arithmetical formula alone, that the Kellys did not in fact pay their proportionate or equitable share.

Concerning the lots of an adjacent platted subdivision, the trial court found as a fact, from the evidence presented that plaintiff released the lots because they had been included in the lien claim by mistake. Defendants do not challenge or assign error to this finding. Instead, defendants argue that because the road constructed by plaintiff constituted an extension of an existing road in the platted subdivision, benefit necessarily flowed therefrom and particularly to the two lots immediately contiguous to the tract here involved. Defendants did not, however, shore up this argument with any evidence of ownership, value or benefit, thus leaving the equity or inequity of the release in the realm of speculation.

Likewise, defendants leave to speculation any prejudicial or inequitable effect flowing from the dismissal of

Water District No. 93 and the unqualified trustee in bankruptcy. The Water District owned, at best, an unvalued service easement over the roadway, and the judgment entered included whomsoever may qualify as trustee in bankruptcy. Parenthetically, in this latter respect, it should be pointed out that plaintiff proceeded with the foreclosure action insofar as it effected the bankrupt corporation with the consent of the referee in bankruptcy.

■ Finally, in support of this contention, defendants argue that plaintiff prejudiced their rights by failing to join the mortgagees of the Amundsen and El Dorado Homes, Inc., parcels. This argument is predicated upon the assertion that mortgagees are indispensable or necessary parties, as opposed to proper parties, in a lien foreclosure action. Such, however, is not the prevailing rule. *Nason v. Northwestern Milling & Power Co.*, 17 Wash. 142, 49 Pac. 235; *Davis v. Bartz*, 65 Wash. 395, 118 Pac. 334; 36 Am. Jur., Mechanics' Liens § 249, p. 157; 57 C.J.S., Mechanics' Liens § 284(e), p. 905. Mortgagees, prior or subsequent, being considered only as proper parties, it was not incumbent upon plaintiff to join them, and plaintiff's failure to join them was not fatal to its foreclosure action. The simple answer to this phase of defendants' contention is that defendants were at liberty to timely seek joinder of the mortgagees in question, if they deemed their nonjoinder prejudicial.

The trial court did not err in entering its decree of foreclosure against the parcels of property included therein.

Lastly, defendants assign error to the assessment, as a part of the costs, of the sum of $53 representative of an expenditure by plaintiff for a title report preparatory to initiating suit.

■ The allowance of costs, absent contractual provisions, is a matter governed by statute. *State ex rel. Lemon v. Coffin*, 52 Wn. (2d) 894, 327 P. (2d) 741, and cases cited therein.

Neither the lien statute, RCW 60.04.130, nor the statute relating to general costs, RCW 4.84.010, *et seq.*, contain any provision authorizing reimbursement of moneys expended for a title report preparatory to a lien foreclosure

suit. We cannot amend the statute to permit taxation of such costs.

Accordingly, the judgment must be modified by striking therefrom this item.

Judgment affirmed as modified. Plaintiff will recover costs of appeal.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.