[No. 14114-7-I. Division One. July 23, 1986.]

ARTHUR R. KINSKIE, *Appellant,* v. HARVEY CAPSTIN, ET AL, *Respondents.*

*Adolf D. Koch,* for appellant.

*Darwin D. Grewe* and *Richter, Wimberley, Ericson & Woods, P.S.,* for respondents.

SWANSON, J.—Arthur R. Kinskie, d/b/a A. R. Kinskie Construction Company, plaintiff below, appeals an order granted on defendant Evans Financial Corporation's motion which vacated a summary judgment that had foreclosed a materialman's lien in Kinskie's favor. We affirm.

The underlying facts in this appeal are undisputed. Kinskie, a registered contractor, contracted with Harvey and Eileen Capstin to furnish labor and materials for a house foundation on property owned by the Capstins. Work began on September 8, 1980, and was completed on September 30, 1980.

On December 15, 1980, Kinskie filed a Notice of Claim of Lien for amounts due from the Capstins. On July 13, 1981, Kinskie filed a complaint for foreclosure of the lien, naming Evans and the Capstins as defendants. Prior to this date, Evans had recorded a deed of trust securing a promissory note executed by Capstin. Top's Roofing, Inc., which is not a participant in this appeal, later intervened as defendant. Evans, the Capstins, and Top's were all served within 90 days of the filing of Kinskie's complaint.

As of July 13, 1981, the date on which Kinskie filed his

complaint, five additional parties had also recorded interests against the Capstins' property. These parties were not served within 90 days of the filing of the complaint, although all eventually were served and either defaulted or stipulated out of the proceedings. Neither Kinskie nor the record provides any reason for the failure to name these additional parties in the original complaint.

By the time the trial court granted Kinskie's motion for summary judgment on August 21, 1982, the only parties remaining in the action were Evans, Kinskie, and Top's. The trial court determined that Kinskie's lien was paramount, granted a judgment against the Capstins, and ordered sale of the property to satisfy the judgment. Evans subsequently moved for reconsideration and argument was heard on October 21, 1982. By letter dated December 8, 1982, the trial judge granted Evans' motion and vacated the order granting summary judgment, finding that Kinskie had failed to serve a summons and complaint on all necessary parties within 90 days of filing his complaint, as required by RCW 60.04.100, and that Kinskie's lien was therefore not enforceable.

On appeal, Kinskie argues that Evans was properly served within 90 days of the filing of Kinskie's complaint and should not be able to assert the 90–day provision of RCW 60.04.100 on behalf of those parties who were not properly served. Kinskie also contends that no prejudice resulted from the summary judgment in Kinskie's favor because all necessary parties were subsequently served and either defaulted or stipulated out of the proceedings.

■ Statutes creating liens are in derogation of common law. "[O]ne claiming the benefits of the lien must show he has complied strictly with the provisions of the law that created it." *Pacific Gamble Robinson Co. v. Chef–Reddy Foods Corp.,* 42 Wn. App. 195, 198, 710 P.2d 804 (1985). The burden is on the plaintiff to establish the right to a lien. *Westinghouse Elec. Supply Co. v. Hawthorne,* 21 Wn.2d 74, 77, 150 P.2d 55 (1944).

A mechanics' or materialman's lien created under RCW

60.04 is limited in duration. RCW 60.04.100 provides in pertinent part:

> No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien[.]

In 1975 the Legislature amended RCW 60.04.100, declaring that a lien enforcement action shall not be timely commenced

> unless the filing of summons and complaint in a court of competent jurisdiction shall be made prior to the expiration of the eight month period, *and service of the summons and complaint shall be made upon all necessary parties* personally, or by commencement of service by publication, *not later than ninety days after the filing of the summons and complaint.*

(Italics ours.) Laws of 1975, 1st Ex. Sess., ch. 231, § 1.

RCW 60.04.100 is a statute of limitations on the duration of a mechanics' lien. *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974); *cf. J.R. Simplot Co. v. Vogt,* 93 Wn.2d 122, 126, 605 P.2d 1267 (1980). Consequently, the lien and the right to enforce it expire with the statutory period. *See Curtis,* at 768; *J.R. Simplot,* at 126; *Pacific Gamble,* at 200; *see also,* Note, *Commencing Foreclosure of a Mechanics' Lien,* 10 Gonz. L. Rev. 246 (1974).

Kinskie does not challenge the trial court's "finding" that he failed to serve all necessary parties within 90 days of filing his complaint. Consequently, we assume, without deciding, that the various parties who recorded *claims* between the time Kinskie completed the Capstins' foundation and July 13, 1981, when he filed his complaint, were necessary parties within the meaning of RCW 60.04.100.[1]

---

[1]RCW 60.04 does not set forth in general who is a necessary party to an action enforcing a mechanics' lien. RCW 60.04.120, however, provides:

> in any action brought to foreclose a lien, all persons who, prior to the commencement of such action, have legally filed claims of liens against the same property, or any part thereof *shall be joined as parties,* either plaintiff or defendant; . . .

Kinskie timely filed his lien claim on December 15, 1980, which initiated the 8–month period during which he could seek enforcement. By filing suit against Evans and Capstin, Kinskie commenced an action within the meaning of RCW 60.04.100 and tolled the running of the statute of limitations. The commencement of the action, however, was only tentative. *Cf. Citizens Interested in Transfusion of Yesteryear v. Board of Regents*, 86 Wn.2d 323, 329, 544 P.2d 740 (1976) (action tentatively commenced by filing complaint must be perfected by service of process within 90 days). *See also Seamans v. Walgren*, 82 Wn.2d 771, 776, 514 P.2d 166 (1973); *Fox v. Groff*, 16 Wn. App. 893, 895, 559 P.2d 1376 (1977). Timely commencement is expressly conditioned upon service of process on all necessary parties within 90 days. RCW 60.04.100. This Kinskie failed to do before the 90–day period expired on October 11, 1981. Consequently, the 8–month period expired without valid commencement of an enforcement action and the lien expired. *See generally* 53 Am. Jur. 2d *Mechanics' Lien* § 357 (1970).

 The general rule in this state is that

[a] lien foreclosure action is absolutely void absent service of process upon a necessary party; as against a proper party it is void only as to one upon whom service has not been made within the statutory period.

*Galvanizer's Co. v. State Hwy. Comm'n*, 8 Wn. App. 804, 807–08, 509 P.2d 73 (1973); *see also Davis v. Bartz*, 65 Wash. 395, 118 P. 334 (1911). If a lien enforcement action is regarded as commenced under RCW 60.04.100 against the

---

(Italics ours.) Construing a prior codification of RCW 60.04.120, our Supreme Court observed:

It is obvious that the only purpose of the section is to authorize the foreclosure of all liens on the same property in one action and to avoid a multiplicity of suits; not to designate generally who are proper or necessary parties to such suits. These, *aside from the lien claimants designated,* are to be determined as in other actions.

(Italics ours.) *Davis v. Bartz*, 65 Wash. 395, 401, 118 P. 334 (1911). Consequently at least those parties who have filed lien claims against the same property prior to commencement of the enforcement action are necessary parties. This category encompasses several of the parties Kinskie failed to serve within 90 days of filing his complaint.

parties properly served, even though some necessary parties have not been timely served, as Kinskie urges, then the unambiguous language of the 1975 amendment to RCW 60.04.100, *supra,* would be superfluous. Moreover, there would, in effect, no longer be any distinction between a proper and a necessary party, since the lien would be effective as against all parties properly served and void as against all others. *Cf. Peterson v. Dillon,* 27 Wash. 78, 67 P. 397 (1901) (judgment foreclosing mechanics' lien on community property void when action originally brought only against husband, and wife, a necessary party, was not joined until after 8–month period had expired; property by action of law no longer bound by lien); *see also Washington Asphalt Co. v. Boyd,* 63 Wn.2d 690, 696, 388 P.2d 965 (1964).

The trial court's order vacating the lien foreclosure judgment is affirmed.

WILLIAMS and GROSSE, JJ., concur.