[No. 22964–8–I. Division One. March 26, 1990.]

QUEEN ANNE PAINTING COMPANY, INC., *Respondent,* v. OLNEY & ASSOCIATES, INC., ET AL, *Defendants,* JAMES M. CREIM, ET AL, *Petitioners.*

*John P. Evans* and *Williams, Kastner & Gibbs,* for petitioners.

*Kerry C. Lawrence,* for respondent.

PEKELIS, J.—The Creims appeal the trial court's order denying their motion for summary judgment. Queen Anne Painting Co., Inc., a painting contractor, had filed a complaint to foreclose a mechanics' lien on the Creims' residential property. The Creims moved for summary judgment, contending that because Queen Anne failed to serve the summons and complaint on all parties with a prior recorded interest in the property, its lien is void.

## I

The facts are not in dispute. Homeowners James and Claire Creim entered into a contract with defendant Olney and Associates, Inc. (Olney) for the construction of their Seattle home. Thereafter, Olney entered into various subcontracts, including a contract with the respondent, Queen Anne Painting Co., Inc. (Queen Anne) to perform as the painting subcontractor.

Queen Anne filed a mechanics' lien against the Creims' property on October 8, 1987, and its complaint seeking foreclosure of the lien on February 17, 1988. Queen Anne served all other lien claimants within 90 days of filing its complaint except for Boise Cascade Corp. (Boise)[1] and Rainier National Bank (Rainier).[2]

The parties filed cross motions for summary judgment. The trial court denied the Creims' motion for failure to show prejudice and Queen Anne's motion because material issues of fact remained in dispute. This court granted the Creims' motion for discretionary review under RAP 2.3.

## II

Queen Anne first contends that the Creims lack standing to contest the validity of its lien, citing *Davis v. Bartz,* 65 Wash. 395, 118 P. 334 (1911). Queen Anne argues that under *Davis* only an interested party not made a party to the action can invoke the mechanics' lien statute of limitation.

Queen Anne's reliance on *Davis* is misplaced. There, a lien claimant failed to serve a subsequent mortgagee within the 8–month statutory period as required by the mechanics' lien statute. After the statutory period had expired, the

---

[1]Boise had filed a mechanics' lien on August 19, 1987. On March 7, 1988, Boise was brought into this action as a third party defendant by defendant Munson, a flooring subcontractor.

[2]The Creims had granted Rainier a deed of trust on their home on December 16, 1986. Although that deed of trust was recorded, Queen Anne never served Rainier with a copy of the summons or complaint.

mortgagee commenced foreclosure proceedings. The lien claimant filed a cross complaint, contending that his lien was prior to the mortgagee's interest. The *Davis* court held that the mortgagee's interest was superior to the lien claimant's since the lien claimant had failed to serve the mortgagee within the statutory period. The *Davis* court affirmed the mortgagee's right to contest the validity of the claimant's lien, holding that any interested party "has the right to invoke the statute if the action be not commenced as against him within the statutory period." (Italics omitted.) *Davis,* 65 Wash. at 398. Thus, the court did not hold, as Queen Anne asserts, that *only* an interested nonparty has standing to invoke the mechanics' lien statute of limitation.

 Generally, a party has standing to raise an issue if that party has a distinct and personal interest in the outcome of the case. *Paris Am. Corp. v. McCausland,* 52 Wn. App. 434, 438, 759 P.2d 1210 (1988) (citing *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 86 L. Ed. 2d 628, 637, 105 S. Ct. 2965 (1985)), *review denied,* 111 Wn.2d 1034 (1989). In the present case, the Creims have a direct personal interest in the outcome of this case because their property rights may be affected by other lien claimants. They also have an interest in avoiding piecemeal litigation. Thus, we conclude that the Creims have standing to raise Queen Anne's failure to serve Boise and Rainier and turn to the merits of their appeal.

### III

The Creims contend that a mechanics' lien is void where the claimant commences a lien foreclosure action pursuant to RCW 60.04 but fails to serve a necessary party.

RCW 60.04.100, which governs the expiration of mechanics' liens, provides, in pertinent part:

> No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after

the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien . . ..

In 1975 the Legislature amended RCW 60.04.100, adding the requirement that a lien enforcement action is not timely commenced

unless the filing of summons and complaint in a court of competent jurisdiction shall be made prior to the expiration of the eight month period, *and service of the summons and complaint shall be made upon all necessary parties* personally, or by commencement of service by publication, not later than ninety days after the filing of the summons and complaint.

(Italics ours.) Laws of 1975, 1st Ex. Sess., ch. 231, § 1.

Although RCW 60.04 does not define "necessary party", RCW 60.04.120 mandates the joinder of parties who have prior recorded lien claims against the same property

in any action brought to foreclose a lien, all persons who, prior to the commencement of such action, have legally filed claims of liens against the same property, or any part thereof shall be joined as parties, either plaintiff or defendant . . ..

RCW 64.04.100 was interpreted in *Kinskie v. Capstin,* 44 Wn. App. 462, 467, 722 P.2d 876 (1986). There, the plaintiff filed a timely complaint for foreclosure yet failed to serve additional parties who had recorded interests against the property within the 90–day statutory period. Although the lien claimant eventually served these additional parties, the court rejected the plaintiff's argument that service on some, but not all, of these parties tolled the statute of limitations. The court held that commencement of an action is merely tentative until the action is perfected by service on the other lien claimants. *Kinskie,* 44 Wn. App. at 466. In addition, the court held that because timely commencement of the action under RCW 60.04 "is expressly conditioned upon service of process on all necessary parties within 90 days", a foreclosure action is absolutely void if the claimant fails to timely serve a party that has a prior recorded lien. *Kinskie,* 44 Wn. App. at 466 (citing RCW 60.04.100).

Queen Anne seeks to avoid RCW 60.04's strict requirements for service by arguing that pursuant to CR 81[3] the lien statute is superseded by CR 3[4] and the tolling statute, RCW 4.16.170.[5] Essentially, Queen Anne contends that service on one or more, but not all, of the necessary parties perfects the commencement of the action and tolls the statute of limitations under RCW 60.04.100.

To support its argument, Queen Anne relies on *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 522 P.2d 822 (1974), a decision rendered before the Legislature amended RCW 60.04.100 in 1975. The *Curtis* court held that the action was properly commenced under CR 3 and the statute of limitation tolled under RCW 4.16.170. In so holding, the court reasoned that the adoption of the 1967 Civil Rules for Superior Court required that CR 3, pursuant to CR 81, would supersede the prior rule of *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 P. 854 (1916) which required that all defendants must be served within the 8–month statutory period.

Queen Anne's argument is without merit. The Legislature's unambiguous amendments to RCW 60.04.100 cannot

---

[3]CR 81 provides: "Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules."

[4]CR 3 provides: "[A] civil action is commenced by service of a copy of a summons together with a copy of a complaint. . . . An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170."

[5]RCW 4.16.170 provides: "For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served . . . If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . . If following service, the complaint is not so filed, or following filing, service is not so made {within the 90–day period], the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

be ignored.[6] The 1975 amendments create specific rules for filing and service which must be followed in order to preserve a lien claim. *See* RCW 60.04.100, .120. Thus, by the terms of CR 81, the general civil rules are inapplicable here.

▉ Furthermore, the *Kinskie* court specifically rejected the argument Queen Anne advances here:

> If a lien enforcement action is regarded as commenced under RCW 60.04.100 against the parties properly served, even though some necessary parties have not been timely served, as Kinskie urges, then the unambiguous language of the 1975 amendment to RCW 60.04.100, *supra,* would be superfluous. Moreover, there would, in effect, no longer be any distinction between a proper and a necessary party, since the lien would be effective as against all parties properly served and void as against all others.

*Kinskie,* 44 Wn. App. at 466–67. We conclude that the holding in *Curtis,* that a lien foreclosure action is not a special proceeding within the scope of CR 81, is no longer applicable in light of the 1975 amendments to RCW 60.04-.100.

## IV

We likewise reject Queen Anne's contention that a party seeking dismissal of a lien foreclosure action for nonjoinder of a party must show prejudice. Queen Anne relies on *Washington Asphalt Co. v. Boyd,* 63 Wn.2d 690, 388 P.2d 965 (1964). There, the defendants in a lien foreclosure action argued that the lien claimant was equitably estopped from foreclosing its lien because it had failed to join a mortgagee. The court held that "[r]elease, dismissal, or nonjoinder of parties in a lien foreclosure action does not ipso facto establish estoppel to assert the lien" absent a showing of prejudice. *Boyd,* 63 Wn.2d at 694–96.

Queen Anne's reliance on *Boyd* is misplaced. First, the Creims have not raised equitable estoppel. Furthermore, in

---

[6]In construing legislation, this court presumes that the Legislature is familiar with past judicial interpretations of its enactments. *State v. McCullum,* 98 Wn.2d 484, 492–93, 656 P.2d 1064 (1983).

*Boyd,* the plaintiff failed to join a *proper* party, not a *necessary* party. The court noted that because the plaintiff was not required to join the mortgagees, its "failure to join them was not fatal to its foreclosure action." *Boyd,* 63 Wn.2d at 696. It was within this context that the court found that the defendants could have joined the mortgagees if they deemed their nonjoinder was prejudicial, and concluded that the defendants had to show prejudice in order to obtain relief. *Boyd,* 63 Wn.2d at 696.

Here, Queen Anne failed to join a *necessary* party which, under RCW 60.04, rendered its foreclosure action void. Since Queen Anne was statutorily required to serve Boise in order to preserve its lien, no showing of prejudice is required.

In sum, RCW 60.04 required Queen Anne to serve all parties with recorded lien interests, including Boise, within 90 days of filing its timely complaint in order to preserve its lien. Having failed to do so, its foreclosure action is void. The trial court therefore erred in denying the Creims' motion for summary judgment.

## V

The Creims request their reasonable attorney's fees both at trial and on appeal pursuant to RCW 60.04.130. They have filed an affidavit as required by RAP 18.1 in support of their request which appears reasonable. Thus, we award $10,363 as requested for attorney's fees both at trial and on appeal.

Reversed.

WEBSTER and WINSOR, JJ., concur.