[No. 28141-1-I. Division One. October 7, 1991.]

MB CONSTRUCTION COMPANY, *Petitioner*, v. O'BRIEN COMMERCE CENTER ASSOCIATES, ET AL, *Respondents*.

*Charles C. Holley* and *Barokas & Martin*, for petitioner.

*William D. Ehlert* and *Casey & Pruzan*; *Ronald J. Meltzer* and *Sinsheimer & Meltzer*; *James H. Clark* and *Short, Cressman & Burgess*, for respondents.

PER CURIAM. — MB Construction Company (MB) filed a motion for discretionary review of an order of partial summary judgment dismissing with prejudice its lien foreclosure action against respondents. We grant discretionary review, accelerate review, and reverse and remand.

In January 1989, MB entered into a construction contract with respondent O'Brien Commerce Center Associates, a joint venture. MB furnished labor and materials for the construction of a project known as the O'Brien Commerce Center. In November 1989, and again in February 1990, MB recorded liens against the subject property pursuant to RCW 60.04.

On April 26, 1990, MB commenced a lien foreclosure action against respondents seeking to foreclose on the

abovementioned liens and alleging breach of contract. One of the named defendants in that action, US Bancorp Mortgage Company, holds a deed of trust encumbering the subject property. The trial court dismissed MB's foreclosure action as against US Bancorp for lack of proper service on US Bancorp. The remaining defendants (respondents herein) then moved for partial summary judgment dismissing the foreclosure action against them. They argued that US Bancorp was a necessary party under RCW 60.04.100, and that its dismissal from the foreclosure action rendered the action void as to all parties. The court granted partial summary judgment dismissing the remainder of the foreclosure action, and later awarded respondents attorney's fees. MB then filed a motion for discretionary review in this court.

The sole issue raised in the motion for discretionary review is whether the trial court erred in dismissing the lien action as against *all* of the respondents. MB concedes, for purposes of this motion, that the dismissal of US Bancorp for lack of proper service under RCW 60.04.100 was appropriate, but contends that the trial court erred in concluding that US Bancorp was a necessary party to the foreclosure action and that its dismissal rendered the foreclosure action void as to the remaining defendants.

 Under RCW 60.04.100,[1] a lien claimant can enforce a mechanics' lien only if all "necessary parties" are served with process within 90 days of the filing of the summons

---

[1]RCW 60.04.100 currently provides:

No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; or, if credit be given and the terms thereof be stated in the claim of lien, then eight calendar months after the expiration of such credit; and in case such action be not prosecuted to judgment within two years after the commencement thereof, the court, in its discretion, may dismiss the same for want of prosecution, and the dismissal of such action or a judgment rendered therein, that no lien exists, shall constitute a cancellation of the lien: *Provided,* That, for the purposes of this chapter, an action to enforce such lien shall not be timely commenced unless the filing of summons and complaint in a court of competent jurisdiction shall be made prior to the expiration of the eight month period, and *service of the summons and complaint shall be made upon all necessary parties* personally, or by commence-

and complaint. RCW 60.04.100; *Queen Anne Painting Co. v. Olney & Assocs., Inc.*, 57 Wn. App. 389, 788 P.2d 580 (1990). Failure to properly serve a "necessary" party renders the lien foreclosure action void as against all parties, whereas failure to serve a "proper" party merely renders the action void as to the proper party. *Kinskie v. Capstin*, 44 Wn. App. 462, 466, 722 P.2d 876 (1986); *Queen Anne Painting*, at 393; *see Galvanizer's Co. v. State Hwy. Comm'n*, 8 Wn. App. 804, 807-08, 509 P.2d 73 (1973). While RCW 60.04.100 does not define the term "necessary party", another statute in the same chapter, RCW 60.04.120,[2] mandates the joinder of parties who have prior recorded "claims of liens" against the same property. This latter statute does not resolve the issue presented here, however, because a mortgage is not a lien or claim of lien provided by RCW 60.04 (which provides liens only for mechanics and materialmen), and therefore a mortgagee such as US Bancorp is not a party who must be joined under RCW 60.04.120. *See Nason v. Northwestern Milling & Power Co.*, 17 Wash. 142, 147, 49 P. 235 (1897); *Davis v. Bartz*, 65 Wash. 395, 401, 118 P. 334 (1911); *see*

---

ment of service by publication, not later than ninety days after the filing of the summons and complaint.
(Italics ours.)

Effective April 1, 1992, this section will be repealed and replaced with a substantially different section. Laws of 1991, ch. 281, § 14, p. 1440. The new section deletes the term "necessary parties" and requires service only upon "the owner of the subject property . . .."

[2]RCW 60.04.120 currently provides:

"The liens provided by this chapter, for which claims have been filed, may be foreclosed and enforced by a civil action in the court having jurisdiction; in any action brought to foreclose a lien, all persons who, prior to the commencement of such action, have legally filed claims of liens against the same property, or any part thereof shall be joined as parties, either plaintiff or defendant; and no person shall begin an action to foreclose a lien upon any property while a prior action begun to foreclose another lien on the same property is pending, but if not made a party plaintiff or defendant to such prior action, he may apply to the court to be joined as a party thereto, and his lien may be foreclosed in such action; and no action to foreclose a lien shall be dismissed at the instance of a plaintiff therein to the prejudice of another party to the suit who claims a lien."

Effective April 1, 1992, this section will be repealed and replaced with a substantially different section.

*generally* RCW 60.04.060 (setting forth requirements for claims of lien of mechanics and materialmen); RCW 60.04-.200(4). Furthermore, RCW 60.04.120 was not intended to designate generally all the parties who are "necessary" to a lien foreclosure action. In construing a former version of RCW 60.04.120, our Supreme Court observed:

> It is obvious that the only purpose of the section is to authorize the foreclosure of all liens on the same property in one action and to avoid a multiplicity of suits; not to designate generally who are proper or necessary parties to such suits. *These*, aside from the lien claimants designated, *are to be determined as in other actions.*

(Italics ours.) *Davis v. Bartz, supra* at 401. Thus, since the term "necessary parties" in RCW 60.04.100 is not statutorily defined, the determination of who is a "necessary" party should be made by reference to the common law. *Northern Pac. R.R. v. Henneford*, 9 Wn.2d 18, 113 P.2d 545 (1941) (where Legislature uses term without defining it and such term has a well-known meaning at common law, it will be presumed that Legislature used the word in the sense in which it was understood at common law); *Ludwig v. Mutual Real Estate Investors*, 18 Wn. App. 33, 40, 567 P.2d 658 (1977).

One Washington court has held that a mortgagee such as US Bancorp is a necessary party in a lien foreclosure action. *Curtis Lumber Co. v. Sortor*, 9 Wn. App. 762, 515 P.2d 554, (1973), *rev'd on other grounds*, 83 Wn.2d 764, 522 P.2d 822 (1974). In that case, the court cited *Davis v. Bartz, supra*, for the proposition that "a mortgagee is a necessary party to a lien foreclosure action" under the lien foreclosure statute. *Curtis Lumber*, at 765. That proposition is, however, contrary to a plain reading of *Davis*.

In *Davis*, a lien claimant seeking foreclosure of his lien failed to timely serve a mortgagee. After the statutory service period had expired, the mortgagee commenced its own foreclosure proceedings. The lien claimant filed a cross complaint, contending that his lien was prior to the

mortgagee's interest. The *Davis* court held that the mortgagee's interest was superior to the lien claimant's since the lien claimant had failed to serve the mortgagee within the statutory period, and therefore the lien had expired as to the mortgagee. The court held that the lien claimant's lien was, however, preserved as against the validly served owner of the property. In reaching its decision, the *Davis* court stated that "the only distinction between an owner and a mortgagee as a party to the lien foreclosure is that the owner is a necessary party to any valid foreclosure, while a mortgagee is a proper party." *Davis*, at 400. The court then stated that "[t]he only distinction, so far as here material, between a necessary party and a proper party is that a foreclosure of the lien without the one is absolutely void, while a foreclosure without the other is void only as to him." *Davis*, at 400. Thus, contrary to the statement in *Curtis Lumber*, *Davis* clearly stands for the proposition that a mortgagee is *not* a necessary party to a lien foreclosure action, and that a foreclosure action which omits a mortgagee is void only as to the mortgagee.

This interpretation of *Davis* is supported by the Supreme Court's decision in *Washington Asphalt Co. v. Boyd*, 63 Wn.2d 690, 388 P.2d 965 (1964). There, the court rejected the argument that mortgagees are indispensable or necessary parties, as opposed to proper parties, in a lien foreclosure action. The court cited *Davis*, among other authorities, and stated that "[m]ortgagees, prior or subsequent, being considered only as proper parties, it was not incumbent upon plaintiff to join them, and plaintiff's failure to join them was not fatal to its foreclosure action." *Washington Asphalt*, at 696; *see also Cathcart-Maltby-Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 206, 634 P.2d 853 (1981) (citing *Washington Asphalt* for the proposition that mortgagees are not necessary parties); *Queen Anne Painting*, *supra* at 395-96 (noting that, under *Washington Asphalt*, a mortgagee is not a necessary party). Thus, it appears to us that *Curtis Lumber* incorrectly states

the law in Washington regarding necessary parties in lien foreclosure actions.[3]

 Respondents apparently concede that mortgagees are normally only proper, not necessary, parties. They argue, however, that *Curtis Lumber* can be read for a different proposition, *i.e.*, that once a lien claimant names a mortgagee as a defendant and seeks to foreclose against that mortgagee's interest, the mortgagee is a necessary party without whom the foreclosure action is absolutely void as to all parties. This argument is not persuasive and is not supported by *Curtis Lumber* or respondents' other authorities.

Whether US Bancorp was a named defendant or not is irrelevant to the question of whether it is a "necessary" party to the foreclosure action under RCW 60.04.100. Under the aforementioned cases, a "necessary" party is a party without whom the foreclosure action cannot proceed. A lien foreclosure action *can* proceed without a mortgagee, *Davis*; *Washington Asphalt*, and therefore, naming a mortgagee as a defendant in the foreclosure complaint does not suddenly make them "necessary" to the prosecution of the foreclosure action under RCW 60.04.100.

Furthermore, respondents' authorities do not support their argument. Nothing in *Curtis Lumber* supports respondents' argument except perhaps the statement that "a mortgagee is a necessary party to a lien foreclosure action . . .". As noted above, that statement of the law is based on a misreading of *Davis* and is not correct. More importantly, the *Curtis Lumber* court did not predicate its holding on, and said nothing about, the fact that the party foreclosing

---

[3]We note that *Curtis Lumber* has been cited by one commentator for the proposition that a mortgagee is a necessary party in an action to enforce a mechanics' lien. 3A L. Orland, Wash. Prac. § 5223, at 366 (3d ed. 1980). Two other commentators have cited *Davis* (which is cited in *Curtis Lumber*) for the same proposition. 3 Wash. State Bar Ass'n, *Real Property Deskbook* § 65.8, at 65-12 (1986); 1A B. Barker & I. Scharf, Wash. Prac., *Methods of Practice* § 35.9 (3d ed. 1989). The conflict between *Curtis Lumber* and *Washington Asphalt* is noted in Trautman, *Joinder of Claims and Parties in Washington*, 14 Gonz. L. Rev. 103, 116 n.56 (1978-1979).

the lien in that case had named the mortgagee as a defendant in the complaint and sought foreclosure of the mortgagee's interest. Rather, the court found the mortgagee was a necessary party because the court mistakenly thought that *Davis* held that a mortgagee is a necessary party to a lien foreclosure action.

Respondents' reliance on 57 C.J.S. *Mechanics' Liens* § 284(e) (1948) is also misplaced. That reference states in part:

> In the absence of a statute to the contrary, a mortgagee is a proper, but not a necessary, party to a proceeding to enforce a mechanic's lien *unless it is sought to subject his interest to the lien.*

(Italics ours.) However, the reference goes on to explain the emphasized portion of the above-quoted language, stating that

> a mortgagee is not a necessary party to a proceeding to enforce a mechanic's lien, *but one seeking to establish a mechanic's lien must make a mortgagee of the premises a party if he desires to bind the interest of the mortgagee.*

(Footnote omitted. Italics ours.) Thus, the reference only stands for the proposition, recognized by Washington decisions such as *Davis*, that the mortgagee's interest cannot be affected by a lien foreclosure unless the foreclosing party joins the mortgagee as a party to the foreclosure action.

Respondents also cite *Queen Anne Painting* for the proposition that the words "all necessary parties" in RCW 60.04.100 include all parties with recorded interests, including lenders who hold deeds of trust recorded prior to the lien claimant commencing work on the project. That proposition is not supported by *Queen Anne Painting*. In that case, the party foreclosing a mechanics' lien had not timely served or joined another party who had a separate *mechanics' lien* on the property, and had also failed to serve a bank holding a *deed of trust* on the home. After noting that the lien claimant must, under RCW 60.04.120, join all parties who have liens against the same property, the court held that the failure to join the party holding the other

mechanics' lien against the property rendered the foreclosure action void. The court did not reach the question of whether the failure to serve the bank was fatal to the action. However, the court did note that, under *Washington Asphalt*, a mortgagee is merely a proper party, not a necessary party to a foreclosure action. *Queen Anne Painting*, at 395-96. Therefore, contrary to respondents' assertions, it appears that the *Queen Anne* court would have followed the *Washington Asphalt* holding (*i.e.*, that mortgagees are not necessary parties) had it been necessary for the court to reach that issue.

In short, respondents' argument and the trial court's decision are directly contrary to the decisions of our State Supreme Court in *Davis* and *Washington Asphalt*, and the trial court should have only dismissed the foreclosure action as to US Bancorp.

The order of partial summary judgment and the award of $2,212.50 in costs and attorney's fees to respondents under RCW 60.04.130 are reversed. MB's request for attorney's fees on appeal is denied without prejudice to request such fees below should it emerge as the "prevailing party" on remand.