[No. 58904-1-I.   Division One.   February 25, 2008.]

WOODSTREAM CONSTRUCTION CORPORATION, *Plaintiff*, v. MIKE VAN WOLVELAERE ET AL., *Appellants*, WEATHERVANE WINDOW COMPANY, *Respondent*.

*Michael B. Galletch* (of *Galletch & Fullington, PLLC*), for appellants.

*Glenn P. Carpenter*, for respondent.

¶1 SCHINDLER, A.C.J. — Mike and Kris Van Wolvelaere contend the trial court erred in ruling that Weathervane Window Company complied with the statutory require-

ments to enforce its mechanics' and materialmen's lien and was entitled to a decree of foreclosure against the Van Wolvelaeres' property. Because Weathervane did not comply with the statutory requirements and did not timely file a lawsuit to enforce the lien, we reverse.

¶2 The Van Wolvelaeres entered into a contract with Woodstream Construction Corporation to substantially remodel their home at an estimated cost of $400,000. Between June 26 and August 8, 2003, Weathervane delivered windows for the remodeling project.

¶3 In mid-July 2003, Woodstream and the Van Wolvelaeres disagreed about the amount owed under the contract. Woodstream refused to continue working on the project until the Van Wolvelaeres paid the amount owed. On September 5, Woodstream recorded a claim of lien against the Van Wolvelaeres' property. On October 30, Weathervane recorded a claim of lien against the Van Wolvelaeres' property for the amount owed for the windows Weathervane delivered. In November 2003, Weathervane sent Woodstream and the Van Wolvelaeres a copy of the claim of lien.

¶4 On November 12, 2003, Woodstream filed a lawsuit against the Van Wolvelaeres for the amount owed, to foreclose on its lien against the Van Wolvelaeres' property, and for damages. Weathervane was not named as a party to the lawsuit. Approximately seven months later, on June 2, 2004, Weathervane filed an "Application to Join as a Party Pursuant to RCW 60.04.171." On June 16, the trial court granted Weathervane's application to join Woodstream's lawsuit against the Van Wolvelaeres as an additional defendant.

¶5 On November 10, 2004, Weathervane served by mail a summons and the "Answer, Cross-Claim and Counterclaim, and Third Party Complaint of Additional Defendant, Weathervane Window Company" on Woodstream, the Van Wolvelaeres, and third party defendant Developers Surety and Indemnity Co. On November 15, 2004, Weathervane filed its answer, cross-claim, counterclaim, and third party

complaint. In the cross-claim, counterclaim, and third party complaint, Weathervane alleged that it provided materials at the request of Woodstream and the Van Wolvelaeres; that it was not paid; and that on October 30, 2003, Wethervane properly filed and recorded a lien in the amount of $29,689.53 against the Van Wolvelaeres' property. Weathervane sought judgment against Woodstream and the Van Wolvelaeres for the amount owed and a decree of foreclosure on its lien against the property.

¶6 At the conclusion of a five-day trial, the court ruled that Woodstream breached the contract with the Van Wolvelaeres, awarded the Van Wolvelaeres damages, and removed Woodstream's lien against the property. The court ruled that Weathervane was entitled to judgment against Woodstream for the amount owed. Because Weathervane had "complied with each and every statutory and legal requirement for the enforcement of its Mechanics and Materialman's Lien pursuant to Chapter 60.04 RCW," the court also ruled that it was entitled to a decree of foreclosure on the lien against the Van Wolvelaeres' property for the amount owed plus attorney fees, costs, and interest. The Van Wolvelaeres appeal the decree of foreclosure on Weathervane's lien against their property.

¶7 The primary issue concerns the interpretation of the time limitations and the tolling provisions of the "Mechanics' and Materialmen's Liens" statute, chapter 60.04 RCW. The Van Wolvelaeres contend the trial court erred in ruling that Weathervane complied with the statutory requirements of chapter 60.04 RCW and entering a decree of foreclosure on the lien. The Van Wolvelaeres assert that the lien is not enforceable because Weathervane did not timely file or serve its lawsuit to enforce the lien as required by RCW 60.04.141. Weathervane admits that it did not file a lawsuit within eight months of recording its lien as required by RCW 60.04.141. But Weathervane claims that under RCW 60.04.171, the time limitation requirements of RCW 60.04.141 were indefinitely tolled.

¶8 The meaning of a statute is a question of law that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The primary objective in statutory interpretation " 'is to ascertain and give effect to the intent of the legislature.' " *King County v. Taxpayers of King County*, 104 Wn.2d 1, 5, 700 P.2d 1143 (1985) (quoting *Janovich v. Herron*, 91 Wn.2d 767, 771, 592 P.2d 1096 (1979)). In interpreting a statute, we examine its language as well as that of closely related statutes in light of the legislative purpose. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). If the statute is unambiguous, we must give effect to its plain meaning as an expression of legislative intent. *Campbell & Gwinn*, 146 Wn.2d at 9-10. " '[T]he court should assume that the legislature means exactly what it says. Plain words do not require construction.' " *City of Kent v. Jenkins*, 99 Wn. App. 287, 290, 992 P.2d 1045 (2000) (internal quotation marks omitted) (quoting *State v. McCraw*, 127 Wn.2d 281, 288, 898 P.2d 838 (1995)).

¶9 In order to enforce a claim of lien, the Mechanics' and Materialmen's Liens statute requires the lien claimant to give the owners written notice of the recorded claim of lien.[1] Here, it is undisputed that Weathervane recorded and gave the Van Wolvelaeres timely notice of its claim of lien. The issue is whether under RCW 60.04.141 Weathervane timely served and filed the lawsuit to foreclose on its lien.

¶10 RCW 60.04.141 establishes the time limitations for a lien and for serving and filing a lawsuit to enforce a lien. A lien on the property is binding for no longer than eight months after the lien is recorded unless the lien claimant files a lawsuit to enforce the lien within the eight months and serves the owner of the property within 90 days of filing the lawsuit. RCW 60.04.141 provides in pertinent part:

---

[1] RCW 60.04.031 provides the lien claimant "shall give the owner or reputed owner notice in writing of the right to claim a lien" and RCW 60.04.091 provides the claimant "shall file for recording . . . a notice of claim of lien not later than ninety days after the person has ceased to furnish . . . materials . . . ."

No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim of lien has been recorded unless an action is filed by the lien claimant within that time in the superior court in the county where the subject property is located to enforce the lien, and service is made upon the owner of the subject property within ninety days of the date of filing the action . . . . This is a period of limitation . . . .

¶11 RCW 60.04.171 establishes an exception to the requirements of RCW 60.04.141. Under RCW 60.04.171, if a prior lien claimant has already filed a lawsuit to foreclose on the same property, the subsequent lien claimant may not sue to foreclose on the property but may apply to join the pending lawsuit as a party. RCW 60.04.171. According to the plain language of the statute, an application to be joined as a party tolls the requirements of RCW 60.04.141 until "disposition of the application or other time set by the court." RCW 60.04.171. RCW 60.04.171 provides in pertinent part:

A person shall not begin an action to foreclose a lien upon any property while a prior action begun to foreclose another lien on the same property is pending, but if not made a party plaintiff or defendant to the prior action, he or she may apply to the court to be joined as a party thereto, and his or her lien may be foreclosed in the same action. The filing of such application shall toll the running of the period of limitation established by RCW 60.04.141 until disposition of the application or other time set by the court.

¶12 RCW 60.04.141 is a statute of limitations. *See Kinskie v. Capstin*, 44 Wn. App. 462, 464, 722 P.2d 876 (1986). According to the plain and unambiguous language of the statute, a lien expires unless the lien claimant files a lawsuit to foreclose on the lien within eight months of recording a claim of lien and serves the property owners within 90 days of filing the lawsuit. RCW 60.04.171 expressly applies when a prior lien claimant has already filed a lawsuit to foreclose a lien on the same property—it "tolls" the running of the time limits under RCW 60.04.141 "until

disposition of the application or other time set by the court." The word "toll" means " '[t]o suspend or stop temporarily . . . .' " *Castro v. Stanwood Sch. Dist. No. 401*, 151 Wn.2d 221, 225, 86 P.3d 1166 (2004) (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 315, 53 P.3d 993 (2002)). RCW 60.04.171 temporarily stops the eight-month and 90-day time limitations to enforce a lien from the date a subsequent lien claimant files an application to join the pending lawsuit until the court rules on the application or sets other time limits.

¶13 Here, the court's order granting Weathervane's application to join Woodstream's lawsuit against the Van Wolvelaeres states that Weathervane "may proceed to file pleadings in response to the foreclosure action filed by [Woodstream], which may include, among other things, a foreclosure of Weathervane Window Company's alleged lien rights." Because the order does not otherwise establish time limits that differ from the time limitations in RCW 60-.04.141, Weathervane had to file and serve its action to enforce the lien against the Van Wolvelaeres' property as required by RCW 60.04.141.

¶14 We reject Weathervane's argument that because the order granting joinder did not set any other time limits, the time limitations to file and serve its action under RCW 60.04.141 were indefinitely tolled. The unambiguous language of RCW 60.04.171 states: "[t]he filing of such application shall toll the running of the period of limitation established by RCW 60.04.141 *until disposition of the application or other time set by the court.*"[2] Because the court set no "other time" for Weathervane to file and serve its foreclosure action, under the plain language of RCW 60.04.171, the time limitations in RCW 60.04.141 were tolled only until the court ruled on the application to join the lawsuit.

¶15 There is no dispute that Weathervane filed and recorded its claim of lien on October 30, 2003. Under RCW

---

[2] (Emphasis added.)

60.04.141, Weathervane's lien was binding for only eight months (or until June 30, 2004), unless Weathervane filed an action within that eight-month period and served the action within 90 days. Under RCW 60.04.171, the time limitations of RCW 60.04.141 were tolled from the date Weathervane filed its application to join the lawsuit on June 2 until June 16, the date the court ruled on the application but did not set a different time period to file and serve its action to enforce the lien against the Van Wolvelaeres' property. Thus, after the court ruled on the application to join Woodstream's lawsuit to enforce its lien against the Van Wolvelaeres' property, Weathervane had approximately two additional weeks to file its action and 90 days thereafter to serve the parties to the action. Because Weathervane did not file and serve its cross-claim, counter-claim, and complaint until November 2004, it did not comply with the statutory time limitations of RCW 60.04-.141 and the lien was unenforceable.

¶16 In the alternative, Weathervane claims that because the other lien claimant, Woodstream, timely filed its lawsuit within the eight-month time period and served the Van Wolvelaeres within 90 days of filing its lawsuit, Weathervane complied with the requirements of RCW 60.04.141. But RCW 60.04.141 requires *each* lienor to file and serve an action to preserve its own lien. RCW 60.04.141 provides that a lien is no longer binding eight months after recording the claim of lien "unless an action is filed by *the* lien claimant . . . ."[3]

¶17 Relying on this court's conclusion in *Pacific Erectors, Inc. v. Gall Landau Young Construction Co.*, 62 Wn. App. 158, 166, 813 P.2d 1243 (1991), that a subsequent lienor has "90 days from the date of his joinder in the action" to serve all necessary parties, Weathervane also argues that there is no requirement to file an action or to serve the owner within 90 days. Weathervane's reliance on that portion of the decision in *Pacific Erectors* is misplaced and contrary to the

---

[3] (Emphasis added.)

plain language of the current version of RCW 60.04.141. In reaching the conclusion that a subsequent lienor has 90 days from joinder to serve all necessary parties, the court in *Pacific Erectors* was addressing the requirements of former RCW 60.04.100 (1975). Since *Pacific Erectors* was decided, the legislature has made significant amendments to the requirements for filing and service and replaced former RCW 60.04.100 with RCW 60.04.141. The current version of RCW 60.04.141 unambiguously requires a lien claimant to file an action to enforce the lien before the expiration of the eight-month time period and requires service on the owner of the property within 90 days.

¶18 Last, Weathervane asserts that because no party has claimed any surprise or prejudice due to the delay in filing or has contested the validity of the claim of lien, the court should enforce its lien on equitable grounds. We reject Weathervane's request to enforce its lien on equitable grounds. The Mechanics' and Materialmen's Liens statute must be strictly construed, and equitable considerations cannot ameliorate its effects. "Statutes creating liens are in derogation of common law. '[O]ne claiming the benefits of the lien must show that he has complied strictly with the provisions of the law that created it.' " *Kinskie* 44 Wn. App. at 464 (alteration in original) (quoting *Pac. Gamble Robinson Co. v. Chef-Reddy Foods Corp.*, 42 Wn. App. 195, 198, 710 P.2d 804 (1985)). RCW 60.04.141 is a "statute of limitations on the duration of a mechanics' lien. Consequently, the lien and the right to enforce it expire with the statutory period." *Kinskie*, 44 Wn. App. at 465 (citations omitted).

¶19 We reverse the trial court's decree of foreclosure against the Van Wolvelaeres' property on Weathervane's mechanics' and materialmen's lien.[4] Under RCW 60.04-.181(3) and upon compliance with RAP 18.1, the Van Wolve-

---

[4] Because Weathervane is no longer the prevailing party, the trial court's award of attorney fees to Weathervane is also reversed.

laeres are entitled to attorney fees on appeal as the prevailing party.

DWYER and LAU, JJ., concur.